S. A. HANSON, Appellee, v. A. P. HANSON, Ex'r, A. P. HANSON, MARY E. BENSON, DELLA BOWMAN, MONTA ADAMS, Appellants.

**Wills:** EQUITABLE CONVERSION: PARTITION. A testator may by the terms of his will convert his real estate into personalty so that the beneficiaries will take no part of the real estate, but simply a portion of the proceeds arising from a sale; but to operate as a conversion there must be either a positive direction to sell, or an absolute necessity of sale to carry out the will, or such a blending of the realty and personalty as to clearly show an intention to create a fund out of the entire estate and to bequeath the same as money. In the instant case it is held that the will contained no provisions indicating an intention of the testator to convert his real estate into personalty, and that an action in partition will lie.

**Same.** The presumption is against the thought of equitable conversion, and where there is no necessity for a sale in order that a division of the real estate may be made according to the terms of the will, a blending of the realty and personalty by the testator will not be regarded as controlling on the question of conversion, where the will directs a division of the property according to law.

**Partition:** TAXATION OF ATTORNEY'S FEES. The taxation of attorney's fees in a partition action is allowable only where the contest is over a collateral matter and not where title to the property is put in issue and all parties are represented by counsel.

*Appeal from Keokuk District Court.*—Hon. B. W. Pres-
ton, Judge.

Wednesday, October 26, 1910.

Suit in equity for the partition of certain real estate.
Trial to the court.   Decree for plaintiff, and defendants
appeal.—*Affirmed.*

*Stockman & Baker,* for appellants.

*W. C. Gambell* and *J. P. Talley,* for appellee.

Deemer, C. J.—John W. Hanson died testate June
30, 1908, seized of two hundred and eighty-eight acres of
land in Keokuk County.   He also left other property in
said county which was sold for the payment of debts and
charges against his estate.   He left surviving five children,
who are the parties to this litigation, plaintiff being one
of his sons and defendants, a son and three daughters.
This action was brought to partition the two hundred and
eighty-eight acres of land, and it is conceded that the land
itself can not be equitably divided in kind.   The material
parts of testator's will with its codicil read as follows:

It is my will and testament that all of my lawful
debts be paid, and the remainder of my estate, real and
personal property be divided among my heirs according
to the laws of the state of Iowa now in force.

I hereby ratify, confirm and reaffirm all the pro-
visions of the said will and in addition thereto I do order,
will and direct that my beloved son, Alpheus P. Hanson
be appointed executor of my said last will and testament
and my estate, and that he be not required to give bond
for the performance of his duties as such and as by law
provided.

Defendants contend that there was an equitable con-

version by this will and the codicil thereto of the real estate into personalty, and that plaintiff is not entitled to

1. WILLS: equitable conversion: partition.

maintain an action for partition. They argue that plaintiff took nothing save his share of the proceeds of the land upon a sale by the executor, and that, no matter what the conclusion regarding the nature of the will, the trial court erred in awarding plaintiff an attorney's fee in the partition action. That a testator may convert his real estate into personalty in such a manner as that the beneficiaries under the will take no part of the real estate, but simply a portion of the purchase price upon a sale by trustee or executor, is, of course, true. When this is done, the realty is constructively converted into personalty, and the beneficiary takes no title to the real estate as such. This is what is known as equitable conversion.

In *Darlington v. Darlington,* 160 Pa. 65 (28 Atl. 503), it is said: "To work a conversion of real estate into personalty, there must be either (a) a positive direction to sell; (b) an absolute necessity to sell in order to execute the will; or (c) such a blending of realty and personalty by the testator in his will as to clearly show that he intended to create a fund out of both real and personal estate, and to bequeath the same as money. In the first the intention to convert is expressed; in the latter two it is implied. A bare power of sale, like a discretionary power given in a will, does not work a conversion until exercised." Again, it has been said in effect that: "Equitable conversion arises from an express, clear, and imperative direction, or from a necessary implication of such express direction. The question of conversion is one of intention, and the question is, is it the testator's intent to have his real estate converted into personalty immediately upon his death? (citing *Clift v. Moses,* 116 N. Y. 144, 157 (22 N. E. 393). A will does not effect the equitable

conversion of realty into personalty because of a naked power of sale given to the executors, where the amount of the legacies does not exceed the value of testator's personal property.    In *re Cobb's Estate,* 14 Misc. Rep. 409 (36 N. Y. Supp. 448, 449)."

Going now to the will with its codicil, it will be noticed that neither the executor nor any other party is given express power to sell the real estate.    An executor was named in the codicil, but he was given no other power than the law gives to such a person, unless it be inferred from the will itself.    The original will provided that, after the payment of debts, the remainder of testator's estate, both real and personal, should be divided among his heirs according to the laws of Iowa then in force. No sale is to be implied from this clause of the will.    Real estate is to be divided among the heirs in kind, and no sale is necessary either by an executor or trustee.    Indeed, without express or necessarily implied power, an executor has no authority to sell the real estate of a testator. There is nothing to indicate an intention on the part of testator to convert the real estate into personalty save the blending of the real estate and personalty; but this is not regarded as controlling, for he directed the division of all of it according to the laws of the state of Iowa.    This necessarily means a division of the real estate in kind. The mere appointment of an executor does not evince an intent on testator's part that this executor should sell the real estate.    Indeed, direction to him to divide it under the law necessarily meant a division in kind as if there had been no will.

There was no necessity for a sale in order that division might be made according to the terms of the will, and the blending of the real with the personal estate should not be regarded as controlling where the direction is to divide according to the

2. SAME.

laws of the state. The presumption is against the thought of equitable conversion, and there is nothing in the will to indicate that testator intended a conversion. Indeed, the will clearly indicates a contrary intent. Confirming these conclusions, see *Seeger v. Seeger,* 21 N. J. Eq. 90; *In re Bingham,* 127 N. Y. 296 (27 N. E. 1055); *Hovey v. Dary,* 154 Mass. 7 (27 N. E. 659). It is doubtful if the named beneficiaries under the will took by purchase. The cases seems to hold that they took by descent. *Rawson v. Rawson,* 52 Ill. 62; *Cribben v. Cribben,* 136 Ill. 609 (27 N. E. 70). But, however, this may be, they take under the will as they would have taken under the law; that is to say, the property was to be divided according to the laws of the state. This clearly negatives the idea that testator intended an equitable conversion.

III. The trial court allowed an attorney's fee for plaintiff's attorney and of this complaint is made. Section 4261 of the Code provides that: "In actions for partition of real estate, when a decree ordering partition or sale is rendered, there shall be taxed in favor of plaintiff's attorney, as costs in the case, an attorney's fee." Under this section, it has been held that such fees should not be taxed where there is a contest. *Finch v. Garrett,* 102 Iowa, 381; *Everett v. Croskery,* 101 Iowa, 17. If, however, the contest is over a collateral matter, attorney's fees may be taxed. *Smith v. Smith,* 132 Iowa, 700. This whole matter was reviewed in *Hawk v. Day,* 148 Iowa, 47, where all the cases are cited and the conclusion there reached was that where the title is put in issue and all parties are represented by counsel neither may have attorney's fees assessed at the expense of the common property. In order that plaintiff may have attorney's fees taxed, it must appear that the real issue was over a collateral matter as in the *Smith* case, *supra,* or that the

3. PARTITION: taxation of attorney's fees.

defense is frivolous, and not in good faith. Under all the circumstances disclosed, we are inclined to hold that there was no error in taxing the fees. The right that each of the parties held in the real estate or its proceeds was not disputed. The defense was technical in character, and the only real issue was a collateral one. About all there is to the case is the question as to who should sell the land—referees in partition or the executor. In fact, each of the parties receives under the decree of partition just what he would have received had there been a sale by the executor, for it is conceded that the real estate could not be divided in kind. It may be that the real contest is over the attorney's fees, but, however this may be, the only real issue when the case is finally reduced to its last analysis was whether the court should order the land sold by partition proceedings or be sold by the executors. This is so clearly collateral that we are constrained to hold that the trial court did not err in taxing attorney's fees.

The decree is right, and it is *affirmed*.