EMILY M. RICE, by A. L. RICE, Administrator, and A. L. RICE, Appellants, Plaintiffs, v. WILLIAM I. RICE, MINNIE A. RICE, ELLA J. COCHRAN, O. C. COCHRAN, RACHEL C. ANDERSON, W. C. ANDERSON, Defendants and Appellees.

**Real property:** VALUE: EVIDENCE. Evidence that land contiguous to 1 that appraised in partition proceedings, and similar in quality, was subsequently sold for more than the land in question was appraised, was not conclusive that the appraisement was too low.

**Same:** PARTITION. Where simply partition of real estate in kind is 2 asked the plaintiff is not entitled to an order directing a sale and partition of the proceeds, especially where the purpose was simply to have the property offered for sale to establish a price.

**Same:** STIPULATION AS TO RENT: EFFECT. An agreement of the parties 3 to a partition proceeding made pending an appeal that each should have possession without rent of the land decreed to them disposed of that question, and the plaintiff was not thereafter entitled to rent from the defendant for the land decreed to him, although the stipulation did not specifically refer to such lands.

**Same:** APPORTIONMENT OF COSTS. Where the plaintiff in partition secured 4 a more favorable division of the costs than he was entitled to, because of an erroneous taxation of attorney's fees to the defendant, he could not complain although the defendant did not appeal.

**Same:** CONSTITUTIONAL LAW: DUE PROCESS. An erroneous decree in 5 partition proceedings depriving a party of a portion of his land is not necessarily a taking of property without due process, within the meaning of the constitution.

*Appeal from Mahaska District Court.*—HONS. B. W. PRESTON, K. E. WILCOCKSON, W. G. CLEMENTS and JOHN F. TALBOTT, Judges.

SATURDAY, DECEMBER 14, 1912.

SUIT in equity for the partition of lands. The case was before us upon a former appeal. *Rice v. Rice,* 147 Iowa, 1.

Upon that appeal the case was remanded for further proceedings. Such further proceedings being had in the district court and a final decree entered, the plaintiff again appeals therefrom.—*Affirmed.*

*John F. & Wm. R. Lacey*, for appellants.

*W. H. Keating*, for appellees Wm. I. Rice and Minnie A. Rice.

*Bolton & Shangle*, for appellees O. C. Cochran and Ella J. Cochran.

EVANS, J.—We quote from our former opinion the following statement of the salient facts of the case:

This is an action for the partition of real estate formerly belonging to W. H. H. Rice. It was brought by his widow, Emily M. Rice, and her son, A. L. Rice; but she has died since the case was decided in the district court, and her son and administrator, A. L. Rice, has been substituted as plaintiff. In 1889 Wm. H. H. Rice made a will, by the terms of which he devised to his wife, Emily M. Rice, one-third of all the real estate of which he might die seised in lieu of her statutory share therein. In the seventh clause of said will he bequeathed to his daughter, Mrs. Ella J. Cochran, eighty acres of land 'free from any lien or indebtedness whatever,' and by the eighth clause of said will he bequeathed to his son Wm. I. Rice another eighty acres of land 'free from any lien or incumbrance whatever.' Both of these tracts of land were specifically described, and, together they constituted the tract spoken of in the record as the one hundred and fifty-nine acres lying south of the east and west road. At the time the will was made, and at the time of the testator's death, he also owned what was known as the 'homestead farm,' consisting of two hundred and forty-four acres just north of the road in question, and separated from the one hundred and fifty-nine-acre tract by such road. The tenth clause of the will was as follows: 'I hereby give and bequeath all the rest and residue of my estate, both real and

personal, not heretofore bequeathed to my said children, Mrs. Ella J. Cochran, Wm. I. Rice, and Abraham L. Rice, in equal shares, hereby intending to vest in my last named children share and share alike, all the rest and residue of my estate in fee simple absolutely not heretofore conveyed to my legatee.' Ella J. Cochran and Wm. I. Rice were children by a former wife, while Abraham L. Rice was his son by his then wife, Emily M. Rice. In the twelfth clause of the will this was said: 'My beloved son Abraham L. Rice being the only son of my wife Emily M. Rice and the heir to the estate by me hereby bequeathed to her is the reason why I make no further provision for him than I have in this my last will and testament.' No change was ever made in this will, but on the 19th of March, 1900, the testator executed and delivered to Ella J. Cochran and Wm. I. Rice separate warranty deeds, conveying to each of them the specific land that was bequeathed to them by the seventh and eighth clauses of his will. On the same day that these two conveyances were made, Ella H. Cochran and her husband conveyed by warranty deed to Wm. I. Rice the eighty that had just been conveyed to her by her father. In December, 1892, Wm. H. H. Rice executed and delivered to Wm. I. Rice a writing wherein he referred to his will of 1889 and the bequest of the eighty acres therein described to Wm. I. Rice, and agreed that, in case the purpose of his will was not so carried out as to give Wm. I. Rice the 80 devised to him, the value of the improvements placed thereon by said son was to be a claim against his estate, and it was further said therein: 'But if said W. I. Rice receive said land by bequest as contemplated and intended and provided in my said will then this agreement shall become void and of no effect within law or equity.' The wife, Emily M. Rice, did not join in the deeds from her husband to Ella J. Cochran and Wm. I. Rice, and it is conceded that she retained her statutory interest in the land at the time suit was brought; she having declined to take under the will. The widow's share in the two tracts named was set apart from the two hundred and forty-four-acre tract and included the buildings; and by taking her interest in the one hundred and fifty-nine-acre tract, the residue of which was given to A. L. and W. I. Rice and Mrs. Cochran by the will, A. L. Rice was compelled to contribute to the satisfaction of the widow's interest in the one hundred and fifty-nine-acre tract. The

appellants claim that the widow had the right to take her statutory interest in the one hundred and fifty-nine-acre tract from that tract, and that the same should be set apart to her without reference to her interest in the land north of the road; but, if that is not done, that her share of the one hundred and fifty-nine acres should be charged against only the interests of Wm. I. Rice and Ella J. Cochran in the two hundred and forty-four-acre tract.

On the former appeal it was made to appear that the district court had entered an order requiring the widow to take her full distributive share out of the two hundred and forty-four-acre tract, including therein the homestead buildings. The quantity of land so set apart for her by the referees was ninety-two acres, including the homestead. The remainder of such tract was allotted in kind equally between the three children of the deceased, W. I. Rice, Ella Cochran, and A. L. Rice. The district court also found that W. I. Rice and Ella Cochran were entitled to hold the one hundred and fifty-nine-acre tract, and that the widow was not entitled to take therefrom in kind; it being made to appear that her entire distributive share could be allotted without prejudice to her in the larger tract. On the appeal we affirmed the action of the district court in all respects save one. We held that it was error to require the widow against her preference to take her distributive share, inclusive of the homestead buildings. Upon that ground the case was reversed and remanded for further proceedings. In pursuance of such remand, and by proceedings in accord with the statute, the district court ordered a partition sale of the two hundred and forty-four-acre tract. It also ordered an appraisal by due proceedings of the one hundred and fifty-nine-acre tract. The appraisal value of the one-hundred and fifty-nine-acre tract was finally fixed at $15,105. The two hundred and forty-four-acre tract brought at referee's sale the sum of $28,670. It was ordered that one-third of this sum be applied to the distributive share of the widow, and likewise that the further sum of $5,035 be applied thereto

as being one-third of the appraised value of the one hundred and fifty-nine-acre tract. This made a sum total of $14,591.67 as the full distributive share of the widow in both tracts. The balance of the sale price of the two hundred and forty-four-acre tract was divided equally among the three residuary legatees, W. I. Rice, Ella Cochran, and A. L. Rice. From the final orders and decree of the district court, the plaintiff has again appealed. The widow having died prior to the former appeal, the case has been prosecuted by A. L. Rice, her only child, as the sole beneficiary of her estate and as her administrator. The appellant has argued to some extent the merits of the case as presented on the former appeal. Such questions must be deemed concluded.

The plaintiff himself became the purchaser of the two hundred and forty-four-acre tract at the referee's sale. He does not in any manner challenge the regularity of such sale. In his notice of appeal he expressly states that he does not appeal ''from so much of said decree as orders the sale of said two hundred and forty-four-acre tract.''

I.   The plaintiff complains of the appraisal of the one hundred and fifty-nine-acre tract, and contends that it should have been appraised at a higher valuation. The report of the appraisers fixed its value at $90 per acre. The plaintiff excepted to such report and asked that evidence be heard thereto, and this was accordingly done. Evidence was introduced upon the question of value by both sides, and the district court found and fixed the value of the same at $95 per acre. There was great variation in the testimony. The farm is highly improved. These improvements were put thereon by the present occupant, W. I. Rice. A part of the improvements consisted of expensive tiling which rendered tillable lands theretofore unfit for cultivation. The court was required to find the value of such tract without the improvements. There was a wide variance in the testimony. The district judge was in a better position to weigh such testimony

than we can possibly be. We think the valuation fixed was eminently fair in the light of all the evidence.

It is urged, however, that the subsequent sale of the two hundred and forty-four-acre tract and the price realized therefor was conclusive evidence that the trial court had appraised the one hundred and fifty-nine-acre tract too low. The two hundred and forty-four-acre tract brought at public sale $117.50 per acre. This, however, included improvements worth several thousands of dollars. The two tracts were contiguous except as they were divided by a highway. The general quality of the land without improvements was similar. The absolute and exact value of real estate is not ordinarily ascertainable, either by appraisal or by actual sale. Within certain limits, the actual value is a question of judgment, and such judgment is necessarily more or less variable. Whatever the appraisal, an actual sale may realize something more or something less. While the selling price of a farm would throw light upon the value of contiguous lands, it could be by no means conclusive thereof. The district court was required to fix the appraisal upon the evidence before it at the time. Its action in so doing could not become erroneous in the light of the subsequent sale.

1. REAL PROPERTY: value: evidence.

It is urged, however, that the trial court ought to have ordered an actual sale of the one hundred and fifty-nine-acre tract. It is sufficient to say that no such request was made of the district court. In the original petition filed for a partition, it was specially alleged that the plaintiff only asked for a partition in kind as to this tract. We find no ruling in the record which can furnish a basis for the plaintiff's present complaint in this regard. Furthermore the proceeding of the district court was in strict accord with our holding on the former appeal. It being found that the widow's distributive share could be assigned in one tract without prejudice to her, it became necessary to ascertain and to fix the value of the one hundred and fifty-nine-acre tract. The statutory method was followed. The plaintiff was

2. SAME: partition.

not entitled to have the land offered for sale simply for the purpose of fixing the price. The statutory method of appraisal operates as fairly upon one party as upon the other. If the price fixed may be a little too low, it may also be too high. Upon the record before us here, the plaintiff has no legal ground of complaint at this point.

II. After remand of the case, the plaintiff filed a supplemental petition asking for allowance of rent as against the defendants for the one hundred and fifty-nine-acre tract for the year 1908 and the subsequent years. This demand was refused by the trial court. Complaint is made of such refusal.

The decree from which the former appeal was taken was entered in 1907. The provisions of such decree have already been referred to. After such decree the parties in March, 1908, entered in to the following stipulation concerning rents:

That whereas an action in partition has been brought in the district court of Mahaska county, Iowa, which suit is not yet wholly disposed of, and whereas the parties thereto have the right of appeal to the Supreme Court, and whereas they or some of them may take such appeal, whereas the referees appointed by the court have reported in favor of setting apart specific lands to the widow and each of said parties, and whereas such report having been confirmed by the court, whereas said cause might be differently decided on appeal, and whereas it is desirable that said land should be rented or occupied pending such appeal or further court proceedings, it is therefore agreed between said parties that without prejudice to the right of appeal and without waiving any rights to apply for change or modifications of the partition in any way that each of the parties shall occupy, rent free, the particular tracts set apart to them in the said report of the referee, approved by the court; that none of the parties shall be required to account for the rents pending such appeal or further proceedings, on the tracts separately thus occupied by them during said period. This contract to stand in any event for the rental year of 1908. [Signed] A. L. Rice. Emily M. Rice. Ella J. Cochran. Wm. I. Rice.

Under this agreement the plaintiff continued in the possession of the full distributive share of ninety-two acres, including buildings set apart to the widow. The residuary devisees continued also in possession of the portions set apart to them. Wm. I. Rice continued in possession of the one hundred and fifty-nine-acre tract. The trial court held that the question of rents was adjusted by the foregoing stipulation. · In this view we concur, It is urged, however, that the stipulation does not in terms refer to the one hundred and fifty-nine-acre tract. But the decree appealed from had awarded the one hundred and fifty-nine-acre tract to Wm. I. Rice and to Ella Cochran, and such provision of the decree was affirmed here. Furthermore an enlarged portion of the two hundred and forty-four-acre tract was awarded to the widow. She continued in possession of such enlarged portion until her death, and after her death the plaintiff succeeded to such possession. Upon the hearing, the plaintiff testified that the one hundred and fifty-nine-acre tract was not included in the agreement because it was "overlooked." All that is claimed now is that W. I. Rice should account to the widow for one-third of the rent. This demand ignores the fact that, under the contract referred to, the widow was put in possession, rent free, of one-third in value of all the real estate owned by her husband, including the one hundred and fifty-nine-acre tract. We think the trial court ruled properly at this point.

3. SAME: stipulation as to rent: effect.

III. Complaint is also made of the apportionment of costs made by the district court. It appears that the trial court taxed against W. I. Rice and Ella Cochran all of the costs of appraisal of the one hundred and fifty-nine acres. Of the remaining costs, nineteen-twenty-eighths were taxed to plaintiff A. L. Rice, and nine-twenty-eighths to the other two devisees. The costs so apportioned included an attorney fee of over $400 allowed to plaintiff's attorneys. The contention of plaintiff is that the widow's share should have been

4. SAME: apportionment of costs.

charged with three-ninths of the costs, and that each of the dev-
isees, including himself, should have been charged with two-
ninths thereof. We are impressed with the propriety of this
contention. Just why the trial court should have adopted this
method of apportionment is not apparent from the record.
The result of the apportionment as a whole, however, was to
the disadvantage of the appellees. They were not chargeable
with attorneys' fees for plaintiff's attorneys. *Hawk v. Day,*
148 Iowa, 47; *Hanson v. Hanson,* 149 Iowa, 82. In apportion-
ing nine-twenty-eighths of the costs to appellees, the sum
so apportioned was made to include $402 of such attorney
fee. As a result, the amount taxed to the appellees was con-
siderably more than two-ninths of the costs properly charge-
able against them. It is true the defendants have not appealed.
But we cannot consider the complaint of the appellant at
this point without taking into account the entire apportion-
ment and the result thereof. We cannot, of course, award
any relief to appellees from such final result. Inasmuch, how-
ever, as we do find that the appellant obtained a more favor-
able taxation of costs than he was entitled to, he cannot
complain of the method by which such result was reached.

IV. Some other questions are argued, but they are fully
covered by the opinion on the former appeal.

Appellant urges a constitutional question in that he has
been deprived of his interest in the one hundred and fifty-
nine-acre tract without due process of law. This proposition

5. SAME: consti-    doubly assumes, first, that our former holding
tutional law:    was erroneous, and, second, that an erroneous
due process.    decision is necessarily unconstitutional. We
cannot accede to either assumption.

The order of the trial court is in accord with an opinion
on the former appeal, and it is accordingly *Affirmed.*