MARGARET L. GRADY et al., Appellants, v. JAMES E. GRADY et al., Appellees.

No. 43309.

APRIL 7, 1936.

Kelly & Kelly, for appellants.

E. F. Nefstead, and Coyle & Coyle, for appellees.

STIGER, J.—Plaintiffs-appellants in their petition state: That Thomas J. Grady died in Palo Alto county on March 19, 1924, leaving his last will and testament, which has been admitted to probate in said county. That the third paragraph of said will is as follows:

"The rents and profits derived from all my real estate, wherever the same may be found, shall go to my beloved wife, Winnifred Grady, so long as she shall live, to have and to dispose of as she may see fit, and at her death all real estate of whatever kind and wherever the same may be found shall be divided as follows:

"One Thousand Dollars shall go to my son John, and the balance shall be divided equally among my other nine Children— namely: James, Anna, Catherine, Thomas, William, Margaret, Lewis, Joseph and Leo, share and share alike.

"Should any one of the nine last named children die before my wife, Winnifred Grady, then their share shall go to their children, if any, and if they have no children, then their share shall be divided equally among those remaining of the nine last named."

That the defendant died seized of the northeast quarter and the north half of the southeast quarter and lots 1 and 2 of section 5, township 96, range 34, Palo Alto county, Iowa, and 560 acres in Steele county, North Dakota. That under the provisions of said will the real estate was converted into personal property by the doctrine of equitable conversion. That title to said real estate has not descended to any of the beneficiaries under said will, but that said real estate has been converted into personalty to be administered and handled solely by Margaret L. Grady, as administratrix with the will annexed of the real estate of Thomas J. Grady, deceased, and that under the will the real estate is now owned and held by said administratrix to be sold

for the purpose of dividing and distributing the proceeds. Plaintiffs pray that said will be construed in accordance with the above construction thereof, and that the court decree that the real estate has been converted into personal property and the proceeds divided by the administratrix in the shares set forth in said will.

The defendant William B. Grady filed his separate motion to dismiss the petition upon the following grounds:

''1. Because the facts stated in the petition do not entitle the plaintiff to any of the relief prayed or to any relief whatever.

''2. Because the facts stated in the petition are not sufficient to cause an equitable conversion of the land in question or any part thereof into personal property.

''3. Because the Will of Thomas J. Grady contains no express words of conversion and no positive direction to sell the land and does not create a positive necessity for the sale of the land.

''4. The defendant makes the foregoing motion a separate motion to that part of the petition which asks a construction of the will as to land in North Dakota and adds to this division of his motion as a separate ground that this Court has no jurisdiction of the subject matter by reason of the fact that the land is situated in another state.''

The trial court sustained said motion and gave the plaintiffs ten days to amend. At the expiration of said period the court entered the following judgment of dismissal:

''Be It Remembered that on this 25th. day of March, 1935, it being a day of the regular March, 1935, Term hereof, this cause came on for hearing and for further proceedings, the plaintiffs appearing by Kelly & Kelly, their attorneys, and the defendants appearing by Coyle & Coyle and E. F. Nefstead, their attorneys, and the plaintiffs now having elected to stand on their petition and having refused to plead further, It is now Hereby Ordered that the plaintiffs' petition be dismissed at their costs.

''To all of which the plaintiffs, individually and as administratrix, except.''

The plaintiffs appeal from the ruling and judgment of the court.

The question of conversion is one of intention, and the ques-

tion here is, Did the testator intend, at the death of his wife, to have his real estate converted into personalty by his administratrix and the proceeds divided among his children?

If the will worked an equitable conversion, the beneficiaries took no interest in the real estate.

To work a conversion of real estate into personalty, there must be either (a) a positive direction to sell; (b) an absolute necessity to sell in order to execute the will; or (c) such a blending of realty and personalty by the testator in his will as to clearly show that he intended to create a fund out of both real and personal estate, and to bequeath the same as money. In the first the intention to convert is expressed; in the latter two it is implied.

The presumption is against the thought of equitable conversion.

To create a conversion by implication, the purpose to convert should be unequivocal and the implication so strong as to leave no substantial doubt. Hanson v. Hanson, 149 Iowa 82, 127 N. W. 1032, 1033; In re Estate of Sanford, 188 Iowa 833, 175 N. W. 506; In re Estate of Dodge, 207 Iowa 374, 223 N. W. 106.

The testator directed that at the death of his wife,

"All real estate of what ever kind and wherever the same maybe found shall be divided as follows: $1000 shall go to my son John, and the balance shall be divided equally among my other nine children."

The testator clearly states that his real estate shall be divided among his children in a certain manner.

There is no positive direction to sell; there is no blending of realty or personalty showing an intention to create a fund out of both real and personal estate and to bequeath the same as money, which leaves one remaining question, to wit: Is there an absolute necessity to sell the real estate in order to effectuate the intention of the testator and to properly execute the will?

As stated in Hanson v. Hanson, supra:

"Equitable conversion arises from an express, clear, and imperative direction, or from a necessary implication of such express direction." The necessity must be imperative in order to carry out the testator's intent.

In order for us to hold that there is an equitable conversion

in this case, we must hold that it is impossible for the beneficiaries to divide the real estate equally among themselves subject to the provision for the son John.

If the children are unable to agree on an equal division, they may partition the land or sell it. The mandate by the testator to his children to divide the property equally is obviously not impossible to carry out.

The appellants state in their argument that the administratrix has a duty of dividing the balance of the property, after a part thereof ''One Thousand Dollars'' has been distributed to the son John; that the will provides that the property be *divided* among the children, and that it does not go to them in equal undivided portions. They state in this regard that the one who has the duty of executing the will must make the division equally and that it would not be possible for the administratrix to make such a division unless it is done in terms of money. They claim this very duty to make such a division equally of itself presupposes the conversion of the real estate.

The answer to this construction by the appellants is that there is no such duty imposed upon the administratrix. The real estate goes direct to the children under the will. The division is their problem, and, as above stated, not an impossible problem. With reference to the use of the words ''shall be divided'' by the testator, the same words were used in the will construed in the case of Hanson v. Hanson supra. The clause in the will construed by the court in the Hanson case was as follows:

''It is my will and testament that all of my lawful debts be paid, and the remainder of my estate, real and personal property be divided among my heirs according to the laws of the state of Iowa.''

The court states on page 85:

''It will be noticed that neither the executor nor any other party is given express power to sell the real estate. An executor was named in the codicil, but he was given no other power than the law gives to such a person, unless it be inferred from the will itself. The original will provided that, after the payment of debts, the remainder of testator's estate, both real and personal, should be divided among his heirs according to the laws of Iowa then in force. No sale is to be implied from this clause of the

will. Real estate is to be divided among the heirs in kind, and no sale is necessary either by an executor or trustee. Indeed, without express or necessarily implied power, an executor has no authority to sell the real estate of a testator. There is nothing to indicate an intention on the part of testator to convert the real estate into personalty.''·

Appellants further contend that for a proper construction of this will we should take the following excerpt therefrom:

''One Thousand Dollars shall go to my son John, and the balance shall be divided equally among my other nine children.''

Appellants argue that the testator was talking in terms of dollars in the use of the words, ''One Thousand Dollars'' and that the words ''and the Balance'' refer to dollars, and that thus the testator is conclusively presumed to have intended a sale of his property.

We do not concur in the reasoning of appellants. In our opinion, the words ''and the balance'' refer to the real estate that testator expressly stated he wanted distributed to his children. The provision in the will giving $1,000 to the son John does not make a conversion of the real estate necessary to carry out the provisions of the will.

This will did not work an equitable conversion of the real estate.

The ruling and judgment of the trial court was correct, and is affirmed.—Affirmed.

DONEGAN, C. J., and ANDERSON, MITCHELL, KINTZINGER, PARSONS, RICHARDS, and HAMILTON, JJ., concur.