IN RE ESTATE OF HENRY JURGENS.

No. 47209.

(Reported in 31 N. W. 2d 633)

APRIL 6, 1948.

B. C. Berge, of Garner, for Fred W. Jurgens, appellant.

Louise Q. Beyer, of Garner, and William J. Broz, of Dysart, for Emma Lindeman, Mary L. Miller, Martha A. Riekens, Violetta Henschen Hughes, Ella Henschen Stillwell, and Wilma Henschen McCluskey, appellees.

OLIVER, J.—The will of Henry Jurgens, admitted to probate in 1922, provides:

First. Devises certain real estate thereafter sold by testator during his life and not here in question.

"Second: I give, devise and bequeath all the rest of the property of which I shall die seized to Fred W. Jurgens, as my executor in trust, for the purposes hereinafter stated and I hereby authorize and empower my said executor to sell, dispose of and convey said property at such times and at such prices and upon such terms as to him shall seem for the best interest of all parties concerned, and, out of the proceeds thereof, I direct that all my just debts and the expenses of my burial be paid and the residue thereof to be disposed of as follows:

"I will that said trustee take immediate charge of the property hereby bequeathed to him and that he rent the lands and invest the personal property in a suitable and safe manner and that, out of the proceeds thereof, he pay the necessary taxes and other expenses needed to keep the property in good condition. That he pay over to my wife, Adeline Jurgens, from time to time, as she may need, the rest of the annual proceeds from use of my said property or so much thereof as she may need for her use.

"Third: Upon the death of my said wife, I direct and empower my trustee to pay the expenses of her last sickness and burial out of my property. Upon the death of my said wife, I give, devise and bequeath all the rest and residue of the property of which I shall die seized of every kind and character

as follows": One seventh each to six named children and one fourteenth each to two children of a deceased son "and the share of each to be delivered them by my said trustee, Fred W. Jurgens" (except the shares of the two grandchildren which were to be held in trust until they attained a certain age).

The trust for these grandchildren never took effect because the one surviving grandchild had reached the prescribed age prior to the death of testator's widow in 1946. Other provisions of the will are not here directly involved.

All of the real estate had been retained. In 1947 the executor-trustee made application for approval of a contract to sell part of it. Certain remaindermen objected. The trial court adjudged the contract of no force and beyond the authority of the trustee to execute or perform. The executor-trustee, who is also a remainderman, has appealed.

■ The express provision relative to the sale of estate property is in paragraph Second: "and I hereby authorize and empower my said executor to sell * * * said property", etc. This language merely authorizes the executor to sell. It does not direct him to do so. Nor was there an absolute necessity to sell any real estate in order to execute the trust. Nor was there here any such blending of realty and personalty as to show an intention to create a fund out of both, and bequeath the same to the remaindermen as money. It is well settled that one or more of the foregoing elements must be present to work a conversion of real estate into personalty. Hanson v. Hanson, 149 Iowa 82, 127 N. W. 1032; In re Estate of Sanford, 188 Iowa 833, 839, 175 N. W. 506; In re Estate of Dodge, 207 Iowa 374, 381, 223 N. W. 106; Grady v. Grady, 221 Iowa 561, 564, 266 N. W. 285.

■ However, appellant contends a provision in paragraph Second, that after payment of debts the residue "be disposed of", means that it be sold or parted with. He points to other places in the will where the term "dispose of" is used in that sense. The term has many shades of meaning. Here the context plainly indicates it was used in the sense of "be used or employed." With this substitution, the part of the paragraph in question would read:

"\* \* \* out of the proceeds thereof, I direct that all my just debts and the expenses of my burial be paid and the residue thereof to *be employed* [disposed of] as follows:

"I will that said trustee take immediate charge of the property hereby bequeathed to him and that he rent the lands and invest the personal property \* \* \* pay over to my wife \* \* \* the annual proceeds from use of my said property", etc.

The express direction to rent the lands and pay the annual proceeds to the widow is inconsistent with appellant's contention that testator directed or intended that the lands be converted into money for the purpose of executing the trust.

Nor does the will authorize appellant to sell the land for the purpose of distribution. The primary purpose of the trust was the support of the widow. The will provides: "Upon the death of my said wife, I give, devise and bequeath all the rest and residue of the property of which I shall die seized" to the designated beneficiaries. The effect of this was to vest the legal title to the real estate in the designated beneficiaries, upon the death of the widow. Restatement of the Law, Trusts, section 345.

It may be assumed this was subject to the payment of the expenses of her last sickness and burial. However, these were paid out of other funds of the estate, leaving a small cash balance. The trust was then fully executed.

The will contains no provision authorizing appellant to sell the real estate on the termination of the trust. His authority to sell had terminated before the attempted sale here in question. Watland v. Good, 189 Iowa 1174, 179 N. W. 613; Karolussen v. Christianson, 187 Iowa 744, 747, 174 N. W. 482; 54 Am. Jur., Trusts, section 70. See, also, Hausen v. Dahlquist, 232 Iowa 100, 108, 5 N. W. 2d 321, 141 A. L. R. 1304; Restatement of the Law, Trusts, section 69, Illustration 5.

Appellant points to language in the will directing him to distribute and deliver the shares of beneficiaries. He argues this indicates testator did not intend the devises of the fractional shares to be in kind. Under the circumstances, we are not inclined to attach much importance to the language in question. It may have been intended to refer to personal prop-

erty which might be in the hands of appellant at the termination of the trust. In any event, it will not be permitted to change the effect of the plain language devising all the rest and residue of the property to the designated beneficiaries.— Affirmed.

All JUSTICES concur.