PATRICIA TRAEDER BARNHOUSE, appellant, v. A. W. LEWIS, trustee under will of Albert B. Traeder, deceased, et al., appellees.

No. 49593.

(Reported in 93 N.W.2d 117)

86

November 18, 1958.

Webster & Frederick, of Winterset, for appellant.

George W. Dresselhuis, of Odebolt, for A. W. Lewis, trustee under will of Albert B. Traeder, deceased, appellee.

Alan Vest, of Sac City, guardian ad litem for Timothy Michael Barnhouse, Brent Edgar Barnhouse, Joel Barnhouse, and Cynthia Ann Barnhouse, appellees.

Vernon E. Barnhouse, of Dexter, appellee pro se.

PETERSON, J.—Albert B. Traeder died testate, a resident of Sac County, in October 1949. He was survived by Mildred L. Traeder, his wife by a second marriage, and one child, Patricia Traeder Barnhouse, appellant.

His will was dated October 10, 1949. It contained the usual provisions with reference to payment of debts, and left a bequest

of $1000 in the form of a trust fund in favor of Odebolt Methodist Church. With the exception of the property referred to hereinafter, he left the remainder of his property to his surviving widow.

The question in this case pertains to Article IV of the will, which is as follows:

"I devise and bequeath to Mildred L. Traeder as trustee for the use and benefit of my daughter Patricia Traeder Barnhouse, and her children, Timothy Michael Barnhouse, Brent Edgar Barnhouse, and any other children which may be born to Patricia Traeder Barnhouse the sum of Fifteen Thousand Dollars ($15,000.00), and the following real estate to-wit:

"The South One Hundred and Seventeen (S117) acres more or less of the Southwest Quarter of Section Fourteen (14), Township Eighty-seven (87) North range Thirty-eight (38) West of the 5th P. M., Sac County, Iowa,

under the following terms and conditions:

"That the said trustee in her discretion at such time and under such conditions that she may see fit shall provide a suitable home for the said Patricia Barnhouse and her children. Said home if purchased, shall be purchased in the name of and with title vested in said trustee under the conditions of this trust.

"The Net income from said real estate after the payment of taxes, maintenances, and retention of a reasonable reserve shall in the discretion of said trustee be used to provide for the needs of the said Patricia Traeder Barnhouse and her children. The time, amount, and reasonableness of any expenditure shall be under the sole discretion of said trustee.

"Said property shall remain in said trust and be administered by this trusteeship during the lifetime of the said Patricia Traeder Barnhouse and until all of her children shall have reached the age of twenty-one years. After the death of the said Patricia Traeder Barnhouse and the attainment of the age of twenty-one years by her children, this trust shall close and terminate and whatever remains in the hands of said trustee, shall be delivered and the title thereto shall pass to the children of Patricia Traeder Barnhouse who are then alive.

"In event of the death, refusal or inability of the said Mildred L. Traeder to act as trustee herein the District Court of Sac County, Iowa, shall appoint a successor in trust, who shall have all of the powers respectively and duties imposed by this article.

"The said Mildred L. Traeder shall not be required to post any bonds as such trustee. Any successor in trust appointed to succeed her shall post such bond as the court may require."

The present trustee, A. W. Lewis, was appointed by the court when Mildred L. Traeder resigned. Mrs. Barnhouse, the daughter, has four children, all minors. The court appointed Alan Vest as guardian ad litem for the four children. He has filed brief and argument on their behalf.

Mrs. Barnhouse requested the trustee to make sale of the one-hundred-seventeen-acre farm in which she has a life estate. The land was only worth one hundred seventy-five dollars an acre at the time of Mr. Traeder's death, but its value now is four hundred dollars an acre. As a part of her request to the trustee she asked him to expend the proceeds of the sale of the farm, together with the fifteen thousand dollars, to purchase a farm of one hundred twenty or one hundred sixty acres as a home for the Barnhouse family.

It is conceded by all parties that there is no express authority in the will for the trustee to sell the farm. The contention of appellant is that there is implied authority, and that under such authority the trustee can establish a farm home for appellant and her husband and children.

It is the position of the trustee and the guardian ad litem for the four minor children that such procedure would not be in accordance with the provisions of the will nor the intent of the testator.

This is an action for a declaratory judgment authorizing the trustee to sell the one-hundred-seventeen-acre farm and purchase another farm. The trial court held that no such implied authority is present under the terms of the will and dismissed the petition. The daughter, Mrs. Barnhouse, has appealed.

I. It is axiomatic that in the construction of a will the purpose of courts is to arrive at the intention of the testator. Citations are hardly necessary, but we will submit a few. In re

Estate of Organ, 240 Iowa 797, 38 N.W.2d 100; In re Estate of Wright, 241 Iowa 349, 41 N.W.2d 80; Lytle v. Guilliams, 241 Iowa 523, 41 N.W.2d 668, 16 A. L. R.2d 1377; Katz Investment Co. v. Lynch, 242 Iowa 640, 47 N.W.2d 800; In re Trusts of Young, 248 Iowa 309, 79 N.W.2d 376; 57 Am. Jur., Wills, section 1133; 95 C. J. S., Wills, section 590; Pringle v. Houghton, 249 Iowa 731, 88 N.W.2d 789.

We will quote from 57 Am. Jur., supra, which quotation briefly states the principle recognized in all jurisdictions: "Recognition of the fundamental axiom that the ascertainment and effectuation of the intention of the testator is controlling in the construction of wills is found in countless decisions. The courts have stated this principle in various forms, among which may be cited, by way of example, such statements as the following: The chief object and purpose in construing a will is to ascertain and give effect to the intention of the testators; the cardinal rule of testamentary construction is to ascertain the intention of the testator and give it effect; the construction of any will must be for the purpose of determining the dominant intent of the testator; * * *."

■ II. There are express provisions in the will with reference to discretion lodged in the trustee. However, they pertain only to the purchase of a home for Mrs. Barnhouse and her children, with the bequest of $15,000, and to the use of the net income for the needs of herself and children. The testator provided in case Mrs. Traeder refused to act as trustee the District Court should appoint a successor "who shall have all of the powers respectively and duties imposed by this article." When Mrs. Traeder surrendered the trusteeship and Mr. Lewis was appointed by the court he stepped into her shoes as to powers and duties.

There is no provision in the will for the exercise of any discretion with reference to sale of the farm. We will consider the matter of implied authority to sell the farm hereinafter, but in view of some discretion being granted to the trustee as to other matters in the will we desire to direct attention to the position of the trustee with reference to the sale of the farm.

There was a time he had to make a decision about the sale.

Mrs. Barnhouse asked him to sell the farm and he had to tell her yes or no. He held the title as trustee. In telling her "no" he exercised his discretion as opposed to the sale.

The case was tried on the basis of the allegations of the pleadings as constituting the facts in the case. A. W. Lewis, trustee, in his answer to plaintiff's petition states: "This defendant states that the plaintiff has not·stated any grounds in its petition to justify, authorize or enable the court to grant the relief which she seeks. * * * This defendant respectfully prays that petition of the plaintiff herein be dismissed and that said plaintiff be denied the relief demanded therein."

We said in the case of In re Estate of Tone, 240 Iowa 1315, 1321, 39 N.W.2d 401, 405: "The exercise of discretion by the trustee is subject to review by the court and to correction in a proper case. Sections 604.4 and 633.32, Code of 1946; In re Estate of Roberts, 240 Iowa 160, 165, 35 N.W.2d 756, 759, and citations; In re Trusteeship of Clark, 174 Iowa 449, 454, 455, 154 N.W. 759, 156 N.W. 353; Restatement of the Law, Trusts, section 187; 54 Am. Jur., Trusts, section 180."

However, where a trustee is granted discretion under the will this court will not interfere unless the discretion is abused. In In re Estate of Tone, supra (page 1322), we quoted with approval from 54 Am. Jur., Trusts, section 181: " 'The court * * * will not interfere with * * * the trustee's determination, in the absence of clear abuse * * *. It will not ordinarily substitute its discretion for that of the trustee, but upon a proper showing it may * * * interfere with such discretion * * * where the trustee * * * has acted unreasonably or arbitrarily or from improper motives.' "

To the extent that there may be any discretion involved as to the sale of the farm, the trustee has exercised his discretion against the sale. Under the terms of the testator's will this is not an abuse of discretion and we will not disturb his decision.

III. Since there is no express power granted under the will to the trustee to make sale of the farm, the question is: What are the implied powers of the trustee as to the sale? If the provisions of a will clearly indicate that the testator does not desire sale of real estate in the trust there is no implied power conferred upon the trustee to make such sale. Restate-

ment of the Law, Trusts, section 186; 54 Am. Jur., Trusts, section 441; 90 C. J. S., Trusts, section 287.

■ Restatement of the Law, Trusts, section 186, states: "If the settlor manifests an intention that certain property shall be retained by the trustee, the trustee cannot properly sell the property even under circumstances where but for such manifestation of intention the trustee would have a power of sale."

■ Mr. Traeder devised and bequeathed to the trustee $15,-000 for purchase of a home for appellant and her children, and the farm of 117 acres. He then provided: *"Said property shall remain in said trust* and be administered by this trusteeship during the lifetime of the said Patricia Traeder Barnhouse and until all of her children shall have reached the age of twenty-one." (Emphasis ours.) This is clear and plain language, indicating the testator did not desire the farm sold. When he used the words "said property" he referred to the farm. We cannot construe the language to provide a program such as requested by appellant.

■ IV. If a will is clear and unambiguous its terms must be followed and there is no basis for construction by a court. In re Will of Hagan, 234 Iowa 1001, 14 N.W.2d 638, 152 A. L. R. 1296; In re Estate of Eason, 238 Iowa 98, 26 N.W.2d 103; McClintock v. Smith, 238 Iowa 964, 29 N.W.2d 248; In re Estate of Syverson, 239 Iowa 800, 32 N.W.2d 799; Henkel v. Auchstetter, 240 Iowa 1367, 39 N.W.2d 650.

The will of the testator in this case is clear. The farm must be a productive farm. For the seven years from 1951 to 1957 the average net income from the farm was $1851.35 per year. Considering the clarity of the statement as to the farm remaining in the trust, and also considering all the terms of the will, it is evident that testator provided a very definite pattern as to his daughter and her children.

The trust was established to provide a situation of independence for her as to economic conditions. She would have a home and normally $150 a month, irrespective of what problems life would bring to her. She had been educated for a schoolteacher and is now engaged in teaching school in addition to her home duties. It is a reasonable presumption that her father felt that if it should become necessary, she would have a nice home

in some city or town, which home the trustee should select. It would be free and clear from all indebtedness. In addition to her salary as a schoolteacher and whatever her husband might earn, she would always throughout her life have the net income from this valuable farm.

The program which she proposes is not in accordance with the intention of the will of decedent. Her husband now owns one hundred twenty acres where they live and they propose to sell that farm and purchase some adjoining land and operate a moderate sized farm. This creates a complicated situation which we cannot under any circumstances read into the will of this testator. The trust would own a part of the farm, and the husband would own the remainder of the farm. All proceeds and all expenses would be commingled. This does not measure up to the independent situation which Mrs. Barnhouse's father clearly and definitely arranged for her and her children under his will.

The fact that she continues to teach school indicates her preference for a career, rather than a joint farming operation. Furthermore, we cannot help but wonder why they should make a change if they desire to maintain a farming program. Her husband rents an adjoining one hundred acres. He now has a farm of two hundred twenty acres, which is quite comparable to what they might be able to do with the trust fund and with the sale of his farm in these days of inflated farm land prices.

We considered a somewhat similar situation recently in the case of In re Estate of Jurgens, 239 Iowa 490, 491, 31 N.W.2d 633. Mr. Jurgens appointed his brother as trustee and provided: " 'That he pay over to my wife, Adeline Jurgens, from time to time, as she may need, the rest of the annual proceeds from use of my said property or so much thereof as she may need for her use' [after taxes and other expenses]." He provided the trustee should pay all her expenses of last illness and burial and then states: " 'Upon the death of my said wife, I give, devise and bequeath all the rest and residue of the property of which I shall die seized of every kind and character as follows': One seventh each to six named children and one fourteenth each to two children of a deceased son 'and the share of each to be delivered them by my said trustee, Fred W. Jurgens.' "

After the widow died the trustee entered into a contract to sell the real estate. The children filed objections. The trial court sustained the objections and the appeal involves the question as to whether or not the trustee had authority to make sale of the real estate. We sustained the trial court.

 Analogous to the case at bar we analyzed the will by stating in substance, it does not direct the trustee to sell; sale is not necessary to execute the trust; there was no blending of realty and personalty, as an evidence that testator intended to create a fund and bequeath same to remaindermen as money.

We further stated, and cited cases (page 492) as follows: "It is well settled that one or more of the foregoing elements must be present to work a conversion of real estate into personalty. Hanson v. Hanson, 149 Iowa 82, 127 N.W. 1032; In re Estate of Sanford, 188 Iowa 833, 839, 175 N.W. 506; In re Estate of Dodge, 207 Iowa 374, 381, 223 N.W. 106; Grady v. Grady, 221 Iowa 561, 564, 266 N.W. 285."

We also stated (page 493): "The express direction to rent the lands and pay the annual proceeds to the widow is inconsistent with appellant's contention that testator directed *or intended* that the lands be converted into money for the purpose of executing the trust. [Emphasis ours.] * * * Nor does the will authorize appellant to sell the land for the purpose of distribution. The primary purpose of the trust was the support of the widow. The will provides: 'Upon the death of my said wife, I give, devise and bequeath all the rest and residue of the property of which I shall die seized' to the designated beneficiaries. The effect of this was to vest the legal title to the real estate in the designated beneficiaries, upon the death of the widow. Restatement of the Law, Trusts, section 345."

In the case at bar the trustee was directed to rent and control the farm. None of the necessary elements for sale as announced in the Jurgens case was present: power to sell, direction to sell, nor sale to execute trust.

We said in Henkel v. Auchstetter, supra, at page 1377 of 240 Iowa, page 656 of 39 N.W.2d: "There is, of course, no need for construction or rules of construction where there is no uncertainty or ambiguity in a will and its language is plain and unequivocal. In that situation the intention of the testator must

94

be ascertained from the will itself, reading each provision in the light of every other provision, giving effect to each and every part, if reasonably possible. If the intention is thus clearly and unequivocally expressed or necessarily implied, then all other rules of testamentary construction and interpretation are inapplicable and must yield to that intention."

We approve the findings, conclusion and judgment of the trial court. The case is affirmed.—Affirmed.

All JUSTICES concur.