Richard L. NOE, Appellant,

v.

**HAWKEYE BANK n/k/a Mercantile Bank, Trustee, Appellee.**

No. 96–615.

Supreme Court of Iowa.

Oct. 22, 1997.

the death of Kenneth Noe, at which time the trustee was to distribute all income and principal of the trust to Kenneth Noe's five children in equal shares. One of Kenneth Noe's children, Richard, had been farming the property under lease for sixteen years. In the fall of 1995, the trustee, Hawkeye Bank n/k/a Mercantile Bank, sought to terminate the tenancy effective March 1, 1996. Richard then sought to negotiate a lease with the majority of the trust distributees and, on March 11, 1996, sought court approval of that lease. The district court refused to approve the lease that had been proposed. On Richard's appeal of that order, the court of appeals reversed that decision.

After reviewing the record and considering the arguments presented, we agree with the court of appeals' conclusions that the district court's orders were induced by a misapplication of law. We disagree, however, with the court of appeals' disposition of the matter, and consequently, although we also reverse the district court, we vacate the judgment of the court of appeals and remand the case to the district court for further proceedings consistent with our decision.

In denying the authority of the distributees to enter into a lease of the trust real estate after the duration of the trust established by the will had expired, the district court stated:

> The court further finds pursuant to the terms of the trust, that only the trustee has the power to lease the real estate which is in question.... Article III, paragraph D specifically provides that the beneficiaries do not have any power to sell, assign, transfer, or in any way encumber the real estate. So I think it is quite clear that even though I realize this is very harsh to you, Mr. Noe, that the heirs did not have the legal authority to lease this ground to you. That authority lies solely with the bank.

Article III, paragraph D of the will to which the district court made reference provides, in part:

> [N]o beneficiary shall have any power to sell, assign, transfer, encumber, or in any other manner to anticipate or dispose of

---

Morris L. Eckhart of Milroy & Eckhart, Vinton, for appellant.

Ross Hauser of Shea Law Offices, Cedar Rapids, for appellee.

Considered by LARSON, P.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

CARTER, Justice.

This is a dispute concerning a lease of farmland that had been part of the res of a testamentary trust created under the will of Kenneth Noe, who died on May 8, 1989. Terms of this testamentary trust specified that it was to terminate five years following

his or her interest in any such trust estate, or the income produced thereby, prior to the actual distribution by the Trustee to the beneficiary.

The court of appeals concluded that this language was only intended to be a spendthrift clause designed to protect the beneficiaries' interest from being reached by creditors. It concluded that it conveyed no authority on the trustee after the termination date fixed in the will and did not, after that date, withhold any authority from the named distributees to act with respect to their individual ownership interests in the land. With respect to the trustee's powers under the will, we agree with the court of appeals that this clause does not serve to perpetuate those powers beyond the date upon which the trust was to terminate. We are also convinced, however, that the probate court, in whose control the property was placed *in custodia legis,* continued to exercise control over the distribution of the trust assets and was not necessarily required to place its imprimatur on the proposed lease transaction based on the record that was before it.

Another clause in the will upon which the district court relied in refusing to approve the lease negotiated among the distributees provided that the trustee should have power:

> To sell, exchange, borrow, mortgage, lease, or otherwise dispose of any asset for terms within or extended beyond the term of the trust.

The court of appeals concluded that this language only authorized the trustee to enter into transactions affecting the property during the life of the trust that extended beyond the term of the trust. Again, we agree with the interpretation of the court of appeals to the extent that it involves powers that reside in the trustee by virtue of the will. We repeat, however, that the probate court continued to exercise control over the property and that the trustee, as an officer of that court, could be empowered by order of the court to take such action with respect to the property as might be necessary for proper administration after the expiration date fixed in the instrument.

Support for our view that the trustee's powers under the will terminated on the expiration of the five-year period fixed for the trust's existence is found in *In re Jurgens' Estate,* 239 Iowa 490, 31 N.W.2d 633 (1948). In that case, we held a trustee's power to sell or to rent the lands expired upon the occurrence of the condition on which the trust was to terminate. *Jurgens' Estate,* 239 Iowa at 493, 31 N.W.2d at 634. In the present case, that condition was the passage of five years following the death of the testator. Thus, contrary to the views expressed by the district court, the power to lease or to sell granted to the trustee under the will no longer existed. Nor does the situation presented here involve a direction to sell in order to effect a distribution of assets, as was the case in *Schaal v. Schaal,* 203 Iowa 667, 671–72, 213 N.W. 207, 209 (1927). We are unable to interpret the will as granting the trustee a power of sale after the termination of the trust instrument.

Further support for our conclusions is found in Restatement (Second) of Trusts section 344 (1959), which declares:

> When the time for the termination of a trust has arrived, the trustee has such powers and duties as are appropriate for the winding up of the trust.

Comment e to this section of the Restatement suggests that a trustee's power to lease real estate ends when the period of the trust terminates. Comment d suggests that absent a grant of a power to sell after the period of the trust (which is not present in this case) a power of sale only exists if necessary to effect distribution. Comment e of section 347 of the Restatement suggests that when land is involved unless the number of beneficiaries is so large that a transfer as tenants in common is impracticable, the trustee is ordinarily under a duty to convey the land to the beneficiaries as tenants in common according to their respective shares.

Because the district court's order was induced in some part by a misconception as to the powers of the trustee, we must reverse it. We do not suggest, however, that the probate court is compelled to approve the action of some but not all beneficiaries with respect to the actions taken. The trust res remains subject to court control until the assets are distributed and the trustee's action in the

administration of the trust has received approval of the court. The court is not without power during this period to preclude the placing of leases on the property that might prove to be an impediment to orderly distribution of trust assets. Consequently, although the district court's views concerning the powers of the trustee were not a proper ground for refusing approval of the proposed lease, there may have been other reasons why such approval would not be consistent with the proper conclusion of the trust's affairs.

The disposition of the court of appeals was to sustain the lease as between the parties who consented to it and to uphold their actions as against the trustee. We believe that an adjudication of the contractual rights of those parties *inter sese* is not what is called for in this case. The issue presented is what actions the probate court should approve in wrapping up the trust's affairs as to all beneficiaries. Consequently, we vacate the decision of the court of appeals, reverse the order of the district court, and remand the case to that court for further proceedings not inconsistent with this opinion.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.**