CHARLES F. BIRDSALL, MILDRED PAYTON and DAISY BIRDSALL, Appellants, v. G. I. BIRDSALL.

**Wills:** CONSTRUCTION: WHO INCLUDED AS DEVISEES. A will bequeathing the life use of real property, and providing that upon the death of the life tenant the property should go to his children then living and the issue of any child of the life tenant then deceased, did not contemplate children of the life tenant living at the time of the testator's death, but excluded those living at testator's death who did not survive the life tenant.

**Same:** REMAINDERS: ACQUISITION OF LIFE ESTATE: EFFECT. Under the provisions of the will in this case the interest of the remain-

dermen was not vested during the life of the life tenant but was contingent, not only as to the extent of the share to be enjoyed by those who survive the life tenant but also as to the persons who are to take shares in the remainder: So that the remaindermen can not, by acquiring the existing life estate, perfect a complete title in themselves.

*Appeal from Dallas District Court.*—HON. J. H. APPLEGATE, Judge.

THURSDAY, OCTOBER 18, 1912.

.ACTION in equity to enforce the specific performance by defendant of a contract to convey entered into between defendant and plaintiffs. Plaintiffs alleged ownership of the property and the tender of a warranty deed constituting full compliance with the contract on their part and the refusal of the defendant to accept. Defendant pleaded in answer, in effect, that the title of plaintiffs was defective, setting out the facts constituting such alleged defect. There was a demurrer to this answer on the ground that the facts stated did not constitute a defense, and this demurrer was overruled. Plaintiffs elected to stand on their demurrer, and judgment was rendered against them, dismissing their petition, and from this judgment they appeal.—*Affirmed.*

*W. H. Fahey,* for appellants.

*W. H. Winegar,* for appellee.

McCLAIN, J.—The property to which this controversy relates is a specific portion described by metes and bounds, of the N. W. ¼ of section 30, township 81 N., of range 27 W., of the fifth prime meridian, in Dallas county, and plaintiffs trace their title through their grandfather, S. G. Birdsall, who died seised of the entire quarter section, leaving

a will, of which the following is the significant paragraph: "Third. . . . Subject to life estate of my said wife, Martha Maria Birdsall, I give, devise and bequeath to my son, Walter Gilson Birdsall and his wife, Nora Birdsall, the use, control and rents, issues and profits of [describing the real estate], to have and to hold such rents, issues and profits for and during the terms of their natural lives; and at their death, I will, devise and give said quarter section of land and the same shall descend to and be the property of the children of the said Walter Gilson Birdsall, who shall be living at the time, and the issue of any child of the said Walter Gilson Birdsall who may have then deceased." The persons to whom life interests are devised are still living, but by various conveyances and transfers not necessary to be described in detail the plaintiffs, who are children of Walter Gilson Birdsall and his wife Nora Birdsall, have acquired these life interests, and also the interests, whatever they may be, of their brothers and sisters in the portion of the quarter section which is involved in this action, and the question for decision is whether plaintiffs have thus perfected in themselves a complete fee-simple title to the land.

It is not contended for appellants, if we understand the argument in their behalf, that the words, "who shall be living at the time," are intended to describe the children

1. WILLS: construction: who included as devisees. of Walter Gilson Birdsall who shall be living at the time of testator's death; and, in view of the language used in this section of the will, such contention could not reasonably be made. The words, "at their death, I will, devise, and give said quarter section of land," are, of course, not controlling, for they might well be construed as contemplating a present devise of a remainder with right of enjoyment only at the termination of the life estate. But the words "at the time" manifestly describe the devisees as the children of Walter Gilson Birdsall who shall survive him and the issue of any such chil-.

dren as shall not survive him. That such description excludes persons who may be living at the death of the testator, but do not survive the life tenant, is well settled by the authorities. *In re Albiston's Estate,* 117 Wis. 272 (94 N. W. 169); *In re Moran's Will,* 118 Wis. 177 (96 N. W. 367); *Smaw v. Young,* 109 Ala. 528 (20 South. 370).

It is assumed by counsel on each side that the answer to the question involved in this case depends upon whether the remainder provided for in favor of the children of

2. SAME: remainders: acquisition of life estate: effect.

Walter Gilson Birdsall, who shall be living at the termination of the life estate and the issue of any children who may have died, is vested or contingent. Abstractly this may not be true, for, if plaintiffs have acquired all the rights by way of life interest, remainder, and reversion, then they no doubt have a complete title, although the remainder may be contingent. But, as applied to the facts of this case, the issue between the parties is practically whether the remainder is vested or contingent, for, if contingent, then plaintiffs have not acquired all such interests. Other children may be born to Walter Gilson Birdsall, and survive him and his present wife, whose interests have not in any way been acquired by these plaintiffs. And some of the living children, brothers and sisters of the plaintiffs, may die before the death of him and his wife, leaving issue, and the issue of such deceased children would have the same interest in the remainder as the children surviving, for they would not take by representation through their deceased parents, but in their own right by substitution. *Taylor v. Taylor,* 118 Iowa, 407; *Whitesides v. Cooper,* 115 N. C. 570 (20 S. E. 295). It is clear, therefore, that in this case, if the remainder devised in the will is contingent, plaintiffs have not a complete title.

Before proceeding further with the discussion of the nature of the remainder devised, we may well notice the argument advanced, that, as plaintiffs in whom are now

consolidated all the rights of the children of Walter Gilson Birdsall as remaindermen have also acquired the interests of the tenants for life, there has been a merger perfecting title in them to the exclusion of children subsequently born or the issue of children now living who may not survive Walter Gilson Birdsall and his present wife. But, while it is true that in general the remainderman may by acquiring the existing life estate perfect a complete title in himself, this is not true, if the merger leaves other interests outstanding. If plaintiffs in their own right and by acquisition from their brothers and sisters have only a contingent remainder, they can not by the acquisition of the life estate cut off others whose rights may be dependent upon the same contingency. The estate in which the merger takes place is not enlarged by the accession of the preceding estate. 2 Washburn, Real Property (6th Ed.) 546; 2 Blackstone's Commentaries, 177; 1 Tiffany, Real Property, 76; 4 Kent, Commentaries (14th Ed.) 99; Minor & Werts, Real Property, section 699; *Archer v. Jacobs,* 125 Iowa, 467.

Coming now specifically to the question whether the devise of a remainder to the children of the life tenant surviving at his death and the issue of such children who do not thus survive creates a contingent remainder, we find the authorities practically agreed, with an exception hereafter to be noted, in the conclusion that the remainder is contingent on account of the uncertainty as to the persons who are to take. It is not necessary here to elaborate definitions of contingent remainders which shall be applicable to all possible cases. It is enough to say that in such a case as that which we are discussing, reason and authority point to the inevitable conclusion that during the continuance of the life estate there is a contingency not only as to the extent of the share to be enjoyed by those who may survive, but also as to the persons who are to take shares in the remainder, and this uncertainty relates, not only to the

possible exclusion of some who during the continuance of the life estate apparently will be entitled to shares, but also to the inclusion of others who at some time during the continuance of the life estate may not be in existence, or may not be apparently entitled to participate in the distribution of the property. For instance, some of the children of Walter Gilson Birdsall may now have living issue. As matters now stand, the plaintiffs and their brothers and sisters have each an apparent prospect of sharing in the remainder, and the present living issue of one of them has no apparent prospect of thus sharing, but, if the parent of such issue should die, then the issue would be entitled to share. To say nothing of the possibility of the birth of other children to Walter Gilson Birdsall and of other issue to plaintiffs and their brothers and sisters, there may well now be persons living who have a contingent interest in the property. Without elaborate citations of authority, it is sufficient to refer to the following as supporting the conclusion that the remainder in this case is contingent, and must necessarily remain contingent until the termination of the life estate: *Whitesides v. Cooper*, 115 N. C. 570 (20 S. E. 295); *Dickerson v. Dickerson*, 211 Mo. 483 (110 S. W. 700); *Smaw v. Young*, 109 Ala. 528 (20 South. 370); *Golladay v. Knock*, 235 Ill. 412 (85 N. E. 649, 126 Am. St. Rep. 224); *Smith v. Block*, 29 Ohio St. 488; *In re Moran's Will*, 118 Wis. 177 (96 N. W. 367); *Howbert v. Cauthorn*, 100 Va. 649 (42 S. E. 683); *Smith v. Rice*, 130 Mass. 441; *Bailey v. Hoppin*, 12 R. I. 560; *White's Trustee v. White*, 86 Ky. 602 (7 S. W. 26); *Jackson v. Everett* (Tenn.), 58 S. W. 340; *Robertson v. Guenther*, 241 Ill. 511 (89 N. E. 689, 25 L. R. A. (N. S.) 887, and note.)

It is to be noticed that by the language of the will in question the condition on which the children or their issue are to participate in the remainder is clearly precedent, and not a condition subsequent. The provision is not that

the children are to take the remainder with a condition that in the event any one of them shall die his interest shall be forfeited, unless he shall leave issue, in which event the issue shall take such interest, but, on the other hand, the condition is expressed directly as a description of the persons in whom the remainder shall vest, and it is to vest in no particular persons until such description becomes applicable by the termination of the life estate. This distinction is concisely stated thus: "If the conditional element is incorporated into the description of or into the gift to the remainderman, then the remainder is contingent; but, if after words giving a vested interest a clause is added divesting it, the remainder is vested." Gray, Rule Against Perpetuities, section 108. And see *Ducker v. Burnham,* 146 Ill. 9 (34 N. E. 558, 37 Am. St. Rep. 135); 2 Underhill, Wills, section 687. This distinction becomes important for the reason that in some New York cases based on the language of a statute, and in some cases in other states decided under similar statutory provisions or on the assumption that the New York cases state the common law, conclusions have been reached which are not in harmony with those heretofore stated as supported by the weight of authority. The so-called New York rule seems to be that, "when there is a person in being who would have an immediate right to the possession of the land upon the ceasing of the intermediate or precedent estate," the remainder is vested. 4 Kent, Commentaries (14th Ed.) 202. While it seems to have been assumed when this rule was first announced in New York that the statute on which it was based was simply a brief statement of the common law rule, that idea has now been definitely abandoned in that state and elsewhere. As a common law definition or description of a contingent remainder it is subject to the qualification that the person in being must be one whose right to ultimately enjoy the remainder is fixed and certain during the pendency of the particular estate. *Golladay v. Knock,* 235

Ill. 412 (85 N. E. 649, 126 Am. St. Rep. 224). This is necessarily involved in the accepted definitions of vested and contingent remainders. 2 Washburn, Real Property (6th Ed.) 508; 2 Blackstone, Commentaries, 168, 169, and note 37, Hammond's Edition. The effect of the New York rule is to convert a condition precedent into a condition subsequent. The fact that this rule is a distinct departure from the common law, although perhaps not originally intended as such, is so clearly pointed out in some recent cases that reference to them is sufficient for present purposes. See *In re Moran's Will,* 118 Wis. 177 (96 N. W. 367); *Smaw v. Young,* 109 Ala. 528 (20 South. 370). Notwithstanding the continued recognition of the New York rule in the courts of that state, it has been held there that such a devise as the one before us creates a contingent, and not a vested, remainder. *Purdy v. Hayt,* 92 N. Y. 446; *Hall v. La France Fire Engine Co.,* 158 N. Y. 570 (53 N. E. 513.) The preceding discussion of the so-called New York rule would not have been necessary had it not been for the apparent recognition given to it in the opinion of this court handed down in the case of *Archer v. Jacobs,* 125 Iowa, 467, on which counsel for appellants relies as his sole authority, and reannounced in *Shafer v. Tereso,* 133 Iowa, 342. We have no statute in this state in any way analogous to that on which the New York rule was predicated, and the definition and characteristics of a contingent remainder must be determined by the common law. The question involved in the case before us was in no way considered in the case of *Archer v. Jacobs* and *Shafer v. Tereso,* and what is said in those cases has no application to it save by inference drawn from definitions of contingent remainders there quoted. The language of the will in this case is clearly distinguishable on well recognized principles from that considered in the *Archer* case. In that case the devise was to the children of the life tenant, or, in the event of the death of any of them prior to the termination

of the life estate, then to the children of such of them as should have died, and it was held that the children of the life tenant took a vested interest, subject to the condition subsequent that, if any of them should die, their children should be substituted, and that, if other children should be born, the estate would be opened up in order that they might have their proper share; while in the present case the devise is to persons of a specified description, which by its very terms can not be applied until the termination of the life estate. It is well settled, where the devise is to all persons of a specified class, they take a vested interest, while, if it is to specified persons of a class, the interest is contingent, dependent upon whether at the termination of the life estate there are persons of that class answering the description. *McClain v. Capper,* 98 Iowa, 145; *Shafer v. Tereso,* 133 Iowa, 342; *Purdy v. Hayt,* 92 N. Y. 446; *Jackson v. Everett* (Tenn.) 58 S. W. 340; *Smith v. Block,* 29 Ohio St. 488; 2 Underhill, Wills, sections 864, 865. We find nothing, therefore, in the prior decisions of this court indicating an intention to adopt the New York rule as a correct description of a vested remainder as applied to the facts of this case. As already indicated, the adoption of that rule in this case would cut off not only the rights of children who may hereafter be born to Walter Gilson Birdsall, but also the rights of issue of the plaintiffs and their brothers and sisters who may now be living or may hereafter be born to share in the remainder in the event that any of the living children should die before the termination of the life estate.

The lower court correctly held that the facts set up in the answer constitute a defense to plaintiffs' petition, and its judgment is therefore—*Affirmed.*