June E. M. Boiler, Appellant, v. Clair C. Wilson et al.,
Appellees.

No. 47308.

(Reported in 34 N. W. 2d 578)

November 16, 1948.

Frank P. Brennan, of Avoca, for appellant.

1202

Kelleher & Donohoe, of Fort Dodge, for appellees.

MULRONEY, J.—Joseph Boiler's four children were each devised a life estate in separate tracts of land (of about equal area) by their father's will. The will disposed of the remainders in Clause VII, as follows:

"The above mentioned devisees Chester D. Boiler, Nora Ella Boiler, Ada A. Boiler and Nettie A. Wilson, formerly Nettie A. Boiler, being my only children, it is my further will that at the death of either of them, the specific real property to each one above devised shall descend to the child or children of each individual devisee in fee simple, share and share alike. But if at the time of the decease of either of my said children, devisees aforesaid, they have no surviving children then and in that case it is my will that the specific real property shall descend to my remaining *surviving* children, above mentioned, in fee simple, share and share alike. Provided, however, that in case any one of my said children aforesaid shall have previously died leaving a child or children surviving them, then and in that case it is my will that said child or children shall take in equal shares as representatives of their deceased parents."

The Joseph Boiler will was probated in 1900 and the estate subsequently closed. Nora died childless in 1923. A. A. (Ada) died childless in 1938. Nettie died in 1940 survived by three children. Chester died childless in 1947. Chester's widow, June Boiler, as surviving spouse and sole beneficiary under her husband's will, brought a quieting-title action naming Nettie's children as defendants, and praying that the title to the tract bequeathed to her husband for life under the Joseph Boiler will, be quieted in her. The trial court held for the defendants, interpreting the foregoing Clause VII as creating a contingent remainder that vested the real estate, devised to Chester for life, in the defendants, when Chester died without children surviving. Plaintiff appeals, stating in her brief that the single question in the case is as to the proper interpretation to be placed upon Joseph Boiler's will.

I. As we read plaintiff's brief we understand her argument to be that Joseph Boiler's will gave his four children life

estates in the separate parcels, with contingent remainder in each parcel to the children of the life tenant, but if any life tenant died childless, the remainder passed to the life tenant's surviving brother or sisters; that when Chester died childless and without surviving sisters, the contingent remainder failed, and the fee which was in abeyance in the Joseph Boiler estate passed under the residuary clause to his widow, Julia (who died intestate in 1918), and ultimately to Chester and by his will to plaintiff. We need not concern ourselves with the correctness of plaintiff's argument that she would be the holder of the fee if the contingent remainder failed. The trial court held, and we think rightly, that the contingent remainder did not fail; that the will devised the remainder in each tract to the life tenant's children, but if the life tenant died without children surviving, the remainder was devised to the surviving children of Joseph Boiler, but if at the death of any life tenant any child of Joseph was already dead, leaving children surviving, such children would take the share their parent would take if such parent were living.

II. Plaintiff's entire argument is based upon the construction to be placed upon the last sentence of Clause VII of the Joseph Boiler will where provision is made that the children of a life tenant who "shall have previously died * * * shall take in equal shares as representatives of their deceased parents." Plaintiff argues that the phrase "previously died" has reference to the death of the life tenant prior to the death of the testator. We feel the entire will plainly reveals the testator's intent, that the death of a life tenant after the testator's death would work a substitution of such life tenant's surviving children as substituted remaindermen in place of their parent. Such a construction was apparent to us when this will was last before this court in Saunders v. Wilson, 207 Iowa 526, 528, 220 N. W. 344, 345, 60 A. L. R. 786, where in the course of the opinion it is stated:

"It will be noted that, by Paragraph 7, the remainder is devised to the 'surviving children,' if any, of the life tenant at the time of her death; if no child of the life tenant survive her, then to the surviving children of the testator and to the children of those deceased."

The last sentence of Clause VII must be read with the other two preceding sentences in the clause. In the first the testator makes the children of the life tenant the remaindermen as to the specific property devised for life to their parent. Then in the second sentence he names the remaindermen when "at the time of the decease" of any life tenant, "they have no surviving children." This definitely speaks of the time of the death of testator's children, after the testator's death. Here the testator names his children, who are alive at the time a childless life tenant dies, as remaindermen to follow the latter's life estate. But the last sentence in the clause is a clear modification of the second sentence. It is a proviso which cannot stand alone but must be read in conjunction with what has gone before. Sears v. Childs, 309 Mass. 337, 35 N. E. 2d 663. The testator is still speaking of the disposition of the remainder after the death of a childless life tenant and the clause plainly states that if upon the termination of such a life-estate one of testator's children "shall have previously died" leaving children, then such children shall take the share of such remainder that their parent would have taken if the parent survived said life tenant. The phrase "previously died" obviously means previous to the death of the childless tenant. As here used it does not mean the death of one of testator's children previous to the testator's death. The whole clause, which must be read together, presents a not uncommon plan of disposition of remainders that keeps the descent in the testator's blood line as long as possible.

There is nothing in the law prohibiting the creation of such a contingent remainder in the children of testator's deceased child living at the time of the determination of a life estate. The language employed adequately discloses the testator's intent, and this intent will govern our construction. Precedents are of little value in a will-construction case where the sole inquiry is that of discovering the testator's intention. But for a case much like the present case on the facts, see Williamson v. Youngs, 200 Iowa 672, 203 N. W. 28.

III. Plaintiff's chief support for her argument that the phrase "previously died" has reference to the death of one of testator's children prior to testator's death is the rule that reference in a will to the death of a beneficiary will be pre-

sumed to mean, death of such beneficiary in the testator's lifetime, unless the language of the instrument clearly reveals a different intent. Atchison v. Francis, 182 Iowa 37, 165 N. W. 587, L. R. A. 1918E, 1087, and cases there cited.

There is a general rule of construction to the effect that when a devise is made to one person in fee and "in case of his death" to another in fee, the courts will interpret the devise over as referring only to death in the testator's lifetime. One reason for the rule is to avoid repugnancy inasmuch as the alternative limitation if not so qualified and restricted in construction would reduce the prior estate to a life estate. Moreover "the absurdity of speaking of the one event which is sure to occur to all living as uncertain and contingent has led the courts to interpret the devise over as referring only to death in the testator's lifetime." Britton v. Thornton, 112 U. S. 526, 533, 5 S. Ct. 291, 294, 28 L. Ed. 816.

But this rule only applies when the reference is to death simply. While death generally is not a contingent event, death under certain circumstances may be a contingent event. When the event described is not death simply, but death leaving children, the testator has expressed a clear contingency and there is nothing to prevent the words having full scope and thus include a death under the circumstances indicated at any time before or after the death of the testator. Britton v. Thornton, supra; In re Estate of Clifton, 207 Iowa 71, 218 N. W. 926; 3 Jarman on Wills, Seventh Ed., chapter LVII.

Notice the contingencies expressed in the last sentence of Clause VII. First the life tenant must die without children before this proviso sentence will have any application. Then another child of the testator must have previously died leaving children. Such deaths coupled with the named contingencies might or might not occur. When the deaths under the circumstances named do occur at any time, we are carrying out the testator's expressed intent when we rule the occurrence of the contingency determines the gift. No resort need be made to the rule of construction that would apply had testator not expressed a contingent event upon which the gift was to pass.

We can end our discussion of the case here. Many other

interesting propositions are argued in the briefs but they would only arise if plaintiff's construction were adopted. For the reasons stated, the judgment of the trial court is affirmed.— Affirmed.

All JUSTICES concur.