In re Estate of Emma R. Wright.

J. L. Terry et al., Executors and Trustees of Estate of Emma R. Wright, appellees, v. Alta Beatrice Brown, Executrix of Estate of J. E. Wright, et al., appellants.

No. 47510.

(Reported in 41 N.W. 2d 80)

350

Alfred E. Baldrige and Henry B. Bailey, both of Washington, for appellants.

Edmund D. Morrison, Jr., of Washington, for appellees.

Bliss, C. J.—The following facts were agreed upon: Emma R. Wright, a resident of Washington, Iowa, died intestate February 6, 1932, spouseless, but survived by seven children, and the owner in fee simple of Lot 4, Block 3, in Denny's Addition to Washington; her will was filed for probate November 22, 1932, and on July 30, 1940, her son Joseph E. Wright, otherwise known as J. E. Wright, qualified as executor, and on his death on January 23, 1947, plaintiffs Nellie W. Mason and Henry E. Berdo qualified as executors and trustees; testatrix was survived by the following children: her daughters, Chattie L. Berdo, Nellie W. Mason, Cora W. M. Bartlett, Kate W. Terry, and Virginia B. Wright, and by her sons, J. E. Wright and Elmore H. Wright; another son, W. S. Wright, preceded testatrix in death in 1930, leaving three children surviving, the plaintiffs Harwin B. Wright, Wilma Dot Branch and Gale Wright Day; the daughter Kate W. Terry died in 1935, spouseless, survived by her son J. L. Terry, and her grandson, William M. Terry III (only child of W. M. Terry, a deceased son of Kate W. Terry); on April 11,

1940, the son Elmore H. Wright executed to Catherine B. Null a warranty deed to his interest in the real estate described above; the daughter of the testatrix, Virginia B. Wright, to whom the testatrix devised all of her property during the natural life of said daughter, or as long as she remained single, never married and occupied the real estate thus devised to her until she died intestate on January 9, 1948; Elmore H. Wright survived Virginia B. Wright; the daughter Cora W. M. Bartlett died testate in 1940, leaving no children nor issue of a deceased child surviving, and leaving her property to her husband, Clark T. Bartlett, who died unmarried and childless on January 22, 1942, leaving as his only heirs his sister and brother, Harry E. Bartlett and Helen S. Bartlett, who have conveyed all their interest in the said real estate and the estate of Emma R. Wright to the plaintiff Nellie W. Mason by deed dated October 29, 1948; Joseph E. Wright, son of the testatrix, died testate, January 15, 1947, leaving a life estate in his property to his widow, Effie B. Wright, and the remainder in equal shares to his legally adopted daughter, Alta Beatrice Brown, William Wright Brown and Shirley M. Dare (the defendant Shirley Mae Brown), son and daughter of Alta Beatrice Brown; Effie B. Wright elected to take under the will of her husband, Joseph E. Wright, and she died testate on May 25, 1948, leaving her estate in equal shares to her adopted daughter, Alta Beatrice Brown, and the latter's children William Wright Brown and Shirley M. Dare.

The parts of the will of Emma R. Wright, executed March 3, 1926, as far as material to this appeal are as follows: "* * *.

"Second. I give, devise and bequeath unto my daughter, Virginia B. Wright, all of my property * * * during her natural life or as long as she remains single. I make this bequest to my daughter, Virginia B. Wright with the understanding that she shall use of my estate only the rents and profits accruing therefrom, and the principal sum of my estate shall be held by the executor named below in trust for her, and the principal shall be kept intact unless extraordinary or unforeseen contingencies arise, then and in such case she shall have the right to use of the principal such an amount as shall be necessary for her comfort and relief.

"Third. Upon the death or marriage of my said daughter, Virginia B. Wright, I will and bequeath to my children Kate W. Terry, W. S. Wright, Chattie L. Berdo, Joseph E. Wright, Nellie W. Mason, Elmore H. Wright, Cora W. M. Bartlett, and the said Virginia B. Wright in case she marries, all of the balance of my estate, share and share alike. In case of the death of any of the above mentioned heirs, the children of such a one so dying, shall receive the parents' share, but in case no issue is left, then such share shall go to the above legatees in equal parts.

"Fourth. I hereby nominate and appoint my son Joseph E. Wright, executor of this my will, and I also appoint him trustee of all my estate, and I hereby give him authority without any order from court, but with the consent and sanction of any two of my living children to sell and convert into cash any and all of my real estate or personal property, and re-invest the same, it being understood that the income from such investment shall still belong to my daughter, Virginia B. Wright to use and enjoy according to the provisions of this will hereinbefore mentioned."

The will contained no residuary clause.

The issue for the determination of the court was a question of law and fact, the paramount and controlling factor being one of fact—the intention of the testatrix in making the testamentary disposition of her property which she did. The court found the facts as they were stipulated by the parties. As conclusions of law the court held that, as provided in the will, the testatrix left as a particular estate a life tenancy in the property devised to her daughter Virginia B. Wright to terminate at her death or marriage, and, upon the happening of either event, she left a contingent remainder to each of her children named in the will— a remainder contingent upon their surviving the life tenant or dying leaving issue surviving them before the death of the life tenant. The court further concluded that: Joseph E. Wright died before the death of the life tenant without issue or surviving issue and that his contingent remainder was thereby cut off and the contingent remainder of his possible issue was thereby cut off; Cora W. M. Bartlett died without issue and prior to the death of the life tenant, and that her contingent remainder and the contingent remainder of her possible issue were cut off; and Catherine Null is the successor to the title and interest of El-

more H. Wright. It was the further finding and conclusion of the trial court that it was the meaning and intention of the testatrix that upon any of said contingent remainders being so cut off, said cut off shares or interests should, at the time of death of Virginia B. Wright, go to and become the property of the remaining five remaindermen in equal shares, or in event any of them were then deceased leaving issue that their said respective issue should succeed to their respective shares.

In accord with these findings and conclusions the able and experienced trial court ordered and adjudged that the owners of the property devised by the testatrix, and the respective shares of each are as follows:

"J. L. Terry, owner of one half the interest of Kate W. Terry—$\frac{1}{10}$

W. M. Terry III, owner of one half the interest of Kate W. Terry—$\frac{1}{10}$

Wilma D. Branch, owner of one third the interest of W. S. Wright—$\frac{1}{15}$

Harwin B. Wright, owner of one third the interest of W. S. Wright—$\frac{1}{15}$

Gale W. Day, owner of one third the interest of W. S. Wright —$\frac{1}{15}$

Catherine Null, owner of interest of Elmore H. Wright—$\frac{1}{5}$

Chattie L. Berdo—$\frac{1}{5}$

Nellie W. Mason—$\frac{1}{5}$."

All persons interested in the estate are either plaintiffs or defendants. The defendants are those claiming under Joseph E. Wright. The court held that they have no title to or interest in any of the property involved herein. We agree with that holding.

I. Defendants contend that Joseph E. Wright was the owner of an estate in remainder which vested in him at the death of the testatrix. There might be some merit to their contention had the third paragraph of the will ended with its first sentence, but it did not. So that we have no problem before us which might have arisen with the suggested hypothesis. The defendants are the only appellants and the only question for determination on the appeal is whether under the record they have any right,

354

title or interest in and to the piece of real estate in the city of Washington, Iowa. It is the plaintiffs' contention that the remainder of Joseph E. Wright was at all times a contingent remainder, dependent upon a condition necessary to vesting which never occurred.

■ The common-law definition and description of a vested remainder which is followed, and rightly so, by the courts of Iowa —there is no statutory definition of a vested remainder in Iowa— has been stated thus:

" 'A vested remainder, whereby the estate passes by the conveyance, but the possession and enjoyment are postponed until the particular estate is determined, is where the estate is invariably fixed to remain to certain determinate persons.' " Fulton v. Fulton, 179 Iowa 948, 957, 162 N.W. 253, 256, L.R.A. 1918E 1080.

See also Blair v. Kenaston, 223 Iowa 620, 626, 273 N.W. 184; Skelton v. Cross, 222 Iowa 262, 268, 268 N.W. 499, 109 A.L.R. 129; Smith v. Harris, 227 Iowa 127, 133, 287 N. W. 255; Sick v. Rock, 240 Iowa 584, 588, 37 N.W. 2d 305, 307; In re Estate of Organ, 240 Iowa 797, 801, 38 N.W. 2d 100, 103; Henkel v. Auchstetter, 240 Iowa 1367, 1380, 39 N.W. 2d 650, 657, and other cases.

■ Another common-law definition of a vested remainder is found in Williamson v. Youngs, 200 Iowa 672, 677, 203 N.W. 28, 30:

"An estate is vested where there is some person *in esse,* known and ascertained, who, by the will or deed creating the estate, is to take and enjoy the estate upon the expiration of the existing particular estate, and whose right to such remainder *no contingency can defeat.* A remainder is contingent when it depends upon the happening of a contingent event whether the estate limited as a remainder shall ever take effect at all." (Citing authorities.)

■ Did Joseph E. Wright qualify as a vested remainderman under either definition? Clearly not. Was there any "contingency" which could defeat the remainder devised to him, or its vesting? Certainly there was. Did the remainder limited to him depend upon the happening of a contingent event whether

the remainder ever would take effect at all? It certainly did. Joseph E. Wright predeceased the life tenant, and died leaving no issue surviving him, and under the provisions in the second and last sentence of the third paragraph of the will the potential and prospective share and interest in the property bequeathed and devised to Joseph E. Wright passed on the death of the life tenant to the plaintiffs. The facts that Joseph E. Wright died before the life tenant, leaving no surviving issue, were contingencies which defeated his right to a vested remainder, and prevented the estate limited to him from ever taking effect as a vested remainder.

Also because of these contingencies the remainder estate limited to Joseph E. Wright was never "invariably fixed to remain to certain determinate persons", as provided in the first definition given. The condition that he should survive the life tenant, leaving issue surviving him and her, was uncertain both in the event and in the personnel of the issue who might survive. He neither survived the life tenant nor left issue.

In Boiler v. Wilson, 239 Iowa 1201, 1205, 34 N.W. 2d 578, 580, where the circumstances and the provisions of the will were quite similar, and the holder of the limited remainder predeceased the life tenant and left no surviving children, the court held the remainder was contingent, and speaking through Justice Mulroney said:

"While death generally is not a contingent event, death under certain circumstances may be a contingent event. When the event described is not death simply, but death leaving children, the testator has expressed a clear contingency and there is nothing to prevent the words having full scope and thus include a death under the circumstances indicated at any time before or after the death of the testator." (Citing authorities.)

The condition that Joseph E. Wright on predeceasing the life tenant leave children surviving the latter was a condition precedent. But it is quite immaterial whether a condition is precedent or subsequent, if it never takes place. As said in Fulton v. Fulton, supra, 179 Iowa 948, 956, 162 N.W. 253, 255, L. R. A. 1918E 1080:

"If we were to hold in the case at bar that John Fulton took a vested remainder subject to defeasance by a condition subsequent, we would still have to hold that such vested remainder was divested by a failure of the condition subsequent, in that he did not survive the widow [life tenant]. So that, for the purposes of this particular case, the result would be the same, whether the remainder involved be deemed as strictly contingent or as a vested remainder, subject to defeasance as above stated. On either theory, John Fulton having died without issue before the widow, the share which would otherwise have gone to him under the will must follow the direction of the will."

The statement applies to this case.

The facts of the case at bar clearly bring the remainder to Joseph E. Wright within the definition that: " 'Contingent remainders are where the estate in remainder is limited to take effect either to a dubious or uncertain person or upon a dubious or uncertain event, so that the particular estate may be determined and the remainder never take effect.' " Fulton v. Fulton, supra, 179 Iowa 948, 957, 162 N.W. 253, 256. Whether issue survived was an uncertain event.

■■ II. The foundation upon which the construction of any will is based is the intention of the testator. When that is ascertained his will is ascertained. The language of the will clearly manifests that it was the intention of the testatrix that each remainderman should survive the life tenant or leave issue so surviving in order to vest the remainder. Whether these conditions would be fulfilled had to await the death of the life tenant. They were not fulfilled with respect to Joseph E. Wright. Canons of construction serve no purpose where the will itself and surrounding circumstances disclose the plainly evident intent of the maker of the will. Defendants refer to various expressions which we have held, under facts in those cases and because of doubt about the testator's intent, indicated a vested remainder was intended. We have held many times that such precedents are of little aid in determining the intent in a particular case. With reference to the often-announced principle that the cardinal rule of testamentary construction was the testator's intent, we said in In re Estate of White, 209 Iowa 1210, 1212, 229 N.W. 705, 706: "* * * and by this is meant the actual,

personal, individual intention, and not a mere presumptive intention, inferred from the use of a set phrase or a particular form of words." (Citing authorities.)

It may be noted that the primary thought of the testatrix was to first provide for her daughter Virginia, and to that end she put the property in trust for her, with authority in the trustee to sell it, and to use it all, if necessary, to care for her. With this fixed purpose in mind it seems hardly probable that the testatrix intended to vest any property in any child as of the death of testatrix.

An extensive review of the authorities relative to remainders is not necessary. Our reports contain many such decisions, and they do not all harmonize. Defendants discuss some rules of construction and that is all they are. They are not rules of law. They are useful as general standards, but being in the abstract, they help but little in interpreting the facts of a concrete case. Other of our decisions giving support to the decision of the district court are: Saunders v. Wilson, 207 Iowa 526, 220 N.W. 344, 60 A. L. R. 786; Skelton v. Cross, 222 Iowa 262, 268 N.W. 499, 109 A. L. R. 129; Lincoln Joint Stock Land Bk. v. Mitchell, 239 Iowa 995, 33 N.W. 2d 388; In re Will of Wolber, 194 Iowa 311, 189 N.W. 782; Bladt v. Bladt, 191 Iowa 1344, 181 N.W. 765; Baker v. Hibbs, 167 Iowa 174, 149 N.W. 85; Birdsall v. Birdsall, 157 Iowa 363, 132 N.W. 809, 36 L. R. A., N. S., 1121; Scofield v. Hadden, 206 Iowa 597, 220 N.W. 1; McClain v. Capper, 98 Iowa 145, 67 N.W. 102; Horner v. Haase, 177 Iowa 115, 158 N.W. 548.

III. Since Joseph E. Wright took nothing, his widow and adopted child and her children take nothing. The words "children" and "issue" in the last sentence of paragraph three of the will refer only to blood descendants of the testatrix, and do not include adopted children. Cook v. Underwood, 209 Iowa 641, 228 N.W. 629. The intention of the testatrix was clearly to keep the property in her bloodline.

The facts and the law sustain the judgment of the trial court and we find no error. The judgment is—Affirmed.

All JUSTICES concur.