KATZ INVESTMENT COMPANY, a corporation, appellant, v. O. E. LYNCH, JR., et al., appellants; KATHERINE M. BRICE et al., appellees.

No. 47775.

(Reported in 47 N.W.2d 800)

MAY 8, 1951.

Roy B. Thomson and Donald H. Chisholm, both of Kansas City, Missouri, and Gamble, Read, Howland, Gamble & Riepe, of Des Moines, for appellant Katz Investment Company.

Dickinson & Dickinson, of Des Moines, for appellants O. E. Lynch, Jr. and Mary Eileen Lynch.

644

Parrish, Guthrie, Colflesh & O'Brien, of Des Moines, for Katherine M. Brice et al., appellees.

Fred D. Huebner and Miller, Davis, Hise & Howland, all of Des Moines, for Helen W. Flynn, as executrix of the estate of Thomas F. Flynn, Jr., and as guardian of Kathe E. Flynn, substituted defendant appellee.

GARFIELD, J.—We think two principal questions are presented upon this appeal: (1) Did the trial court abuse its discretion in entertaining this action and rendering a declaratory judgment? (2) Is the remainder interest purchased by plaintiff contingent, as the trial court held, or vested, as plaintiff and its vendors contend?

Martin Flynn died in 1906 survived by his wife, five sons and three daughters. Paragraphs 1 to 8 of his will made in 1906, duly probated, make certain specific bequests to the widow and seven of the eight issue—all except his daughter Annabelle. Paragraph 9 appoints trustees. Paragraph 10 states "I hereby give, bequeath and devise to said * * * trustees * * * in trust during the lives of all and any of my eight children * * * The Flynn Block" (and life insurance, notes and dividends amounting to $46,500). We are here concerned with the Flynn Block at Seventh and Locust, Des Moines.

Paragraph 10 of the will also confers rather broad powers upon the trustees in the management of the Flynn Block, including the power to mortgage it if necessary. Three fourths of the net income from the property shall be paid the widow during her life and one fourth to the daughter Annabelle "or her heirs during the continuance of the trust * * *." Upon the widow's death her three fourths of "said net income shall be paid to my said eight children * * * share and share alike, or to their heirs, until the termination of the said trust * * *."

The most important provision of the will now pertinent is subparagraph f of paragraph 10: "f. Upon the death of all of my said children * * * said trust shall terminate, and the trust estate shall be closed, and all the interest and estate of the said trustees in said trust property shall be extinguished, and the property shall revert and descend to the legal heirs of my said children. * * *." Paragraph 11 gives the rest, residue and re-

mainder of testator's estate not otherwise disposed of to the eight children, share and share alike.

Before this action was commenced in December 1947, the widow and six of the eight issue were dead. One surviving daughter was eighty-five at the time of trial in April 1949, the other a year or two younger. The daughter Annabelle died in June 1945, survived by her husband, Dr. O. E. Lynch, a son and daughter.

On June 20, 1947, plaintiff-Katz Investment Company contracted to purchase for $62,500 the one-eighth interest of Annabelle's heirs in the Flynn Block and the income therefrom, subject to the unexpired term of the trust. The contract states doubt may exist whether the sellers have a vested or contingent interest in the property and provides plaintiff has the right to institute court action to determine that question. If such suit does not result in a decree determining that the sellers have a vested interest plaintiff has the option to declare the contract void.

Plaintiff's action is for a declaratory judgment under rules 261–269, Iowa Rules of Civil Procedure, to determine the meaning and effect of Martin Flynn's will with respect to the Flynn Block, the names of the various owners, the nature of their interests and for such further decree as may be necessary and proper. Testator's two surviving daughters, their issue and the issue of the six deceased daughters and sons are made defendants. (We use "issue" to mean "children.")

Plaintiff's petition as amended sets out the facts above-mentioned, including copy of the will and contract. Annabelle's (Lynch) heirs admit in their answer substantially all the allegations of plaintiff's petition, state their interests were vested, that they owned 11/32 ($\frac{1}{4}$ plus $\frac{1}{8}$ of $\frac{3}{4}$) of the property as well as the income therefrom, rather than merely $\frac{1}{8}$, and ask that such interests be determined by the court.

Other defendants allege in their answers that plaintiff is not entitled to maintain the action, it is not properly one for declaratory relief and plaintiff merely seeks the advice of the court, it is prematurely brought, and deny testator's grandchildren obtain any vested interest in the Flynn Block as long as

any of his eight children survive. Most of the facts with respect to the will and the relationship of the parties are admitted.

There is no material dispute in the controlling facts. The evidence before us is largely documentary. The trial court held the action is properly one for declaratory judgment, the legal heirs of the testator's children do not acquire a vested interest in the Flynn Block until the death of all of said children, plaintiff therefore acquired only the contingent interest of Annabelle's heirs. Plaintiff and Annabelle's heirs have appealed.

I. Appellees argue with zeal and ability there should be no declaratory judgment because, they say, this is not a proper action therefor and was prematurely brought. Although appellees have not appealed they are entitled to urge here this contention, rejected by the trial court. State v. Central States Elec. Co., 238 Iowa 801, 819, 28 N.W.2d 457, 466. See also Pohler v. T. W. Snow Constr. Co., 239 Iowa 1018, 1022, 33 N.W.2d 416, 418; Shaw v. Addison, 236 Iowa 720, 734, 18 N.W.2d 796, 803, 804.

Before our Rules of Civil Procedure took effect in 1943 we had no statute or rule in Iowa pertaining to declaratory judgments. See State ex rel. Fletcher v. Executive Council, 207 Iowa 923, 925, 223 N.W. 737; Des Moines City Ry. Co. v. Amalgamated Assn., 204 Iowa 1195, 1207, 213 N.W. 264. However, several actions at least somewhat declaratory in nature had long been entertained in our courts. For example, actions to quiet title, to determine boundaries, to construe wills, trusts and contracts. See article by Mr. T. M. Ingersoll, 29 Iowa Law Review 62, 64.

Rule 262, R.C.P., states, "Any person interested in a contract * * * or a will * * * may have determined any question of the construction or validity thereof or arising thereunder, and obtain a declaration of rights, status or legal relations thereunder." Rule 264 provides: "Any person interested as or through * * * devisee, legatee, heir * * * or cestui que trust, in the administration of a trust or the estate of a decedent * * * may have a declaration of rights or legal relations in respect thereto : * * * (c) To determine any question arising in the administration of the estate * * * or trust, including questions of construction of wills * * *." By rules 5 and 269 plaintiff is a "person" under rules 262 and 264. Rule 265 states, "The court may refuse to render a declaratory judgment or decree where it would not,

if rendered, terminate the uncertainty or controversy giving rise to the proceeding."

█ The above rules are remedial and should be given a reasonably liberal construction. State v. Central States Elec. Co., supra, 238 Iowa 801, 819, 28 N.W.2d 457, 466. See also 16 Am. Jur., Declaratory Judgments, section 8; 1 C. J. S., Actions, section 18d(4), page 1023. Rich Mfg. Co. v. Petty, 241 Iowa 840, 848, 42 N.W.2d 80, 85, which denies declaratory relief where there were special statutory remedies that were exclusive, states, "Declaratory judgment acts are progressively receiving liberal interpretations * * *."

█ It is true, as appellees argue, that declaratory relief will not ordinarily be granted where there is no actual or justiciable controversy between the parties and a mere advisory opinion is sought. Likewise courts frequently decline to pass upon remote, future, or contingent rights which may never arise, at least where there is no present need for such determination or, because of absence of parties or otherwise, the determination may not be final. See 16 Am. Jur., Declaratory Judgments, section 30; 1 C. J. S., Actions, section 18d(6) and (9), pages 1025, 1030; annotations 68 A. L. R. 110, 117, 118, 87 A. L. R. 1205, 1213 et seq., 174 A. L. R. 880.

The subject is discussed at length in National Shawmut Bank v. Morey, 320 Mass. 492, 498, 70 N.E.2d 316, 321, 174 A. L. R. 871, 877, cited by appellees. There the trial court declined to render a declaratory judgment as to whether remainders were vested or contingent where distribution would not be made until death of a son then only fifty-eight years old "and quite possibly large portions of the fund will be distributable many years hereafter to persons as yet unborn." It was held there was no abuse of discretion. No pressing need for a present decision was shown and the merits of the issue as to vested or contingent remainder were not argued upon appeal.

The cited Massachusetts case differs from this in several respects. Here the trial court exercised its discretion in favor of granting a declaratory judgment. This trust terminates upon the death of the survivor of the two living daughters who were eighty-five and a year or two younger two years ago. It satisfactorily appears all the grandchildren are before the court and

are of age. (One defendant is a minor great grandchild who appears by guardian.) If the remainders to the heirs of testator's children are held to vest at the death of each child it is of course possible to determine in whom they are vested except as to the heirs of the two surviving daughters, each of whom now has four children. If the remainders are held to be contingent until termination of the trust it is only a remote possibility that a share of the property will vest in anyone not before the court. The parties have fully argued the question of vested or contingent interests.

██ The difference between a mere abstract question and a controversy has been called one of degree which is difficult to define precisely. The basic question is said to be whether the facts alleged show there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant a declaratory judgment. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U. S. 270, 273, 61 S. Ct. 510, 512, 85 L. Ed. 826, 829. It seems to us there is here such a controversy.

Upon the question of future and contingent rights, Borchard, Declaratory Judgments, Second Ed., pages 422, 423, states:

"The Declaratory Judgments Act necessarily deals with present rights, but it is a present right to have a judicial assurance that advantages will be enjoyed or liabilities escaped in the future. Courts continually declare rights which have not become fixed under an existing state of facts, but are prospective only; they may not, however, be so remote and speculative as to be hypothetical and abstract. * * * courts no longer hesitate * * * to declare legal relations to become active in the future, provided there is a tangible present interest in their determination and a useful purpose is thereby served."

██ If the remainder to the Lynch heirs is held to be contingent upon their surviving the termination of the trust we see no compelling reason why such determination must be deferred until that event. We have frequently held a contingent remainder is such an interest as may be conveyed by deed or mortgage. Lane v. Travelers Ins. Co., 230 Iowa 973, 978, 299 N.W. 553, 555, and citations; Henkel v. Auchstetter, 240 Iowa 1367, 1375–1377, 39

N.W.2d 650, 655, and citations. See also Restatement of the Law, Property, sections 162, 156. Also that contingent remaindermen have such an interest as a court of equity will protect by action to quiet title under section 649.1, Codes, 1946, 1950, I. C. A., or in other ways. Lane v. Travelers Ins. Co., supra. See also annotation 144 A. L. R. 769, 799–806.

If the Lynch heirs had not contracted to sell their interests to plaintiff there is little doubt they could have maintained a suit for construction of the will. See Wright v. Copeland, 241 Iowa 447, 451, 41 N.W.2d 102, 105, and citations. After making the contract plaintiff should be entitled to maintain such a suit. See in this connection In re Estate of Heckmann, 228 Iowa 967, 976, 291 N.W. 465. It is apparent in this action that the Lynches have joined forces with plaintiff.

It seems to us unimportant that plaintiff's action is one for declaratory judgment rather than the usual suit for construction of a will. "The existence of another remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." Rule 261, R. C. P.; State v. Central States Elec. Co., supra, 238 Iowa 801, 819, 28 N.W.2d 457, 466. The interpretation of wills has always been one of the principal fields in which declaratory relief has been granted. National Shawmut Bank v. Morey, supra, 320 Mass. 492, 496, 70 N.E.2d 316, 320, 174 A. L. R. 871, 876, and citations.

Rules 262 and 264, R. C. P., seem broad enough to authorize this action by plaintiff. We feel there was no abuse of discretion in entertaining it. See in this connection State v. Central States Elec. Co., supra, 238 Iowa 801, 819, 28 N.W.2d 457, 466; New Britain Trust Co. v. Stanley, 128 Conn. 386, 23 A.2d 142; Ryan v. Herbert, 186 Md. 453, 47 A.2d 360; Boone v. Stone, Tex. Civ. App., 142 S.W.2d 936.

II. Subparagraph f, above-quoted, provides, "Upon the death of all of my said children * * * said trust shall terminate * * * and the property shall revert and descend to the legal heirs of my said children." Appellants contend the remainder to the legal heirs of Annabelle vested upon her death and that possession and enjoyment only are postponed until termination of the trust. Appellees maintain and the trial court held such remainder

is contingent until the trust terminates and will then vest along with the remainders to the legal heirs of testator's other children.

A vested remainder, whereby the estate passes by the conveyance but possession and enjoyment are postponed until the particular estate is determined, is where the estate is invariably fixed to remain to certain determinate persons. A contingent remainder is limited to take effect to a dubious or uncertain person or upon a dubious or uncertain event. In re Estate of Wright, 241 Iowa 349, 353–357, 41 N.W.2d 80, 83–85, and citations; Lincoln JSL Bk. v. Mitchell, 239 Iowa 995, 1000, 1001, 33 N.W.2d 388, 391.

Appellants concede the remainder to the legal heirs of Annabelle was contingent until she died because her heirs could not be known until then. Appellants say, however, that upon Annabelle's death her heirs were ascertained, this removed the only uncertainty attached to the devise of the remainder to them, the will contains no requirement that Annabelle's heirs survive the termination of the trust and therefore the remainder to her heirs vested at her death, subject to possession and enjoyment in the trustees.

Applying the above definition of a contingent remainder, it appears that if the remainder to Annabelle's heirs is contingent it must be either because the heirs of each child of testator are not to be determined until the death of the last surviving child or because the heirs of each child must survive the death of the last surviving child (when the trust terminates) in order to be entitled to their remainder interest.

Strictly speaking, the legal heirs of a person are those upon whom the law casts the estate immediately on the death of such person. In re Estate of Austin, 236 Iowa 945, 947, 20 N.W.2d 445, 447, 162 A. L. R. 709, 712, and citations; Wright v. Copeland, supra, 241 Iowa 447, 453, 41 N.W.2d 102, 106. See also Lincoln JSL Bk. v. Mitchell, supra, 239 Iowa 995, 1000, 33 N.W.2d 388, 391.

When a limitation is in favor of the heirs of a designated person, the heirs are those who would take under the statutes of descent applied as of the death of such person, unless a contrary intent of the testator is found from additional language of the will or circumstances. See Restatement, Property, sections

305, 308; Lincoln JSL Bk. v. Mitchell, supra, 239 Iowa 995, 1000, 33 N.W.2d 388, 391; In re Estate of Austin, supra, 236 Iowa 945, 949, 20 N.W.2d 445, 447, 162 A. L. R. 709, 713.

▆▆▆ There is no language in this will and no circumstance to indicate testator intended the heirs of Annabelle or any of his children to be determined as of a time other than the death of such child. Neither subparagraph f nor any other provision of the will says the remainder interests shall vest at the termination of the trust in the "then surviving" legal heirs of his children, or words of similar import. We have no right to insert the quoted words in the will.

That the particular estate to the trustees does not terminate and the time for distribution arrive until the death of testator's last surviving child does not indicate an intent that the heirs of testator's other children should not be determined until such time. See Atchison v. Francis, 182 Iowa 37, 41, 49, 165 N.W. 587, L. R. A. 1918E 1087; In re Estate of Smith, 16 Del. Ch. 272, 145 A. 671; Bailey v. Smith, 222 Mass. 600, 111 N.E. 684; 33 Am. Jur., Life Estates, Remainders, etc., section 71; 3 Page on Wills, Lifetime Ed., section 1055, pages 230, 231; Restatement, Property, section 309.

We conclude the gift in subparagraph f is to those who were legal heirs of each of testator's children at the death of such child. Of course these heirs were then certain determinate persons.

The will contains no requirement that the heirs of each child survive the termination of the trust nor is any other condition attached to these remainders. The remainders are not devised at the termination of the trust to heirs of testator's children "if then living." There is no substitutionary or alternative devise of the share of any remainderman who does not survive the termination of the particular estate as in most of our decisions where the remainder is held contingent. See In re Estate of Wright, supra, 241 Iowa 349, 41 N.W.2d 80; Henkel v. Auchstetter, 240 Iowa 1367, 39 N.W.2d 650; In re Estate of Organ, 240 Iowa 797, 38 N.W.2d 100; Boiler v. Wilson, 239 Iowa 1201, 34 N.W.2d 578; Smith v. Harris, 227 Iowa 127, 287 N.W. 255; Skelton v. Cross, 222 Iowa 262, 268 N.W. 499, 109 A. L. R. 129; Fulton v. Fulton, 179 Iowa 948, 162 N.W. 253, L. R. A. 1918E

1080; Horner v. Haase, 177 Iowa 115, 158 N.W. 548; Birdsall v. Birdsall, 157 Iowa 363, 132 N.W. 809, 36 L. R. A., N. S., 1121.

Failure of the testator to devise the remainders to heirs of his children only if living at the termination of the trust and his failure to make any substitutionary or alternative gift are considerations favorable to appellants. See Johnston v. Boothe, 234 Iowa 201, 205, 12 N.W.2d 176, 178; Barker v. Monks, 315 Mass. 620, 53 N.E.2d 696, 700; Restatement, Property, section 255.

That subparagraph f provides "Upon the death of all of my said children * * * the property shall revert and descend to the legal heirs of my said children" does not indicate an intent to postpone vesting of the remainders until such time. Such language is usually held to refer to the time of enjoyment and possession by the remaindermen, not to the time of vesting. Sick v. Rock, 240 Iowa 584, 588, 37 N.W.2d 305, 307, and citations; Lingo v. Smith, 174 Iowa 461, 468, 156 N.W. 402, and citations; 33 Am. Jur., Life Estates, Remainders, etc., sections 108, 109. See also Birdsall v. Birdsall, supra, 157 Iowa 363, 365, 132 N.W. 809, 36 L. R. A., N. S., 1121.

Restatement, Property, section 157, comment h, states: "When an otherwise effective conveyance * * * creates one or more prior interests * * * then provides, in substance, that upon the expiration of such prior limited interests, the ownership in fee simple * * * shall belong to a person who is presently identifiable * * * such person has an indefeasibly vested remainder."

Id., section 157, comment j, says: "Such a limitation as is described in comment h is not precluded from creating an indefeasibly vested remainder by the fact that the remainder is * * * limited to the properly identified person 'on,' 'upon,' * * * the death of a person having a prior interest * * *. Language of this type indicates the postponement of enjoyment implicit in all indefeasibly vested remainders and injects no additional element of uncertainty."

Of course one or more of the legal heirs of testator's children may predecease the termination of the trust. But this does not make the remainder to such heir contingent for it is an uncertainty which may attach to all remainders, vested or contingent. Certainty of possession and enjoyment by the remainderman is not essential to a vested remainder. See Lingo v. Smith,

supra, 174 Iowa 461, 468, 156 N.W. 402; Dickerson v. Morse, 200 Iowa 115, 118, 202 N.W. 601; 33 Am. Jur., Life Estates, Remainders, etc., section 86.

Under the will, upon the death of each of testator's children his or her heirs immediately succeed to such child's right to the net income from the property. This tends to establish that the remainder interest in the property itself vests in the child's heirs at the death of each child. See Restatement, Property, sections 258, 259, and comments.

We have carefully considered every Iowa decision cited to us and many others which seemed applicable. No precedent has come to our attention that supports a holding the remainder to Annabelle's heirs is contingent until termination of the trust. Scofield v. Hadden, 206 Iowa 597, 599, 220 N.W. 1, 2, perhaps deserves special mention. There devises of life estates to testators' children were followed by the provision that the land "'shall, at the time of their death, descend to and become the property of their * * * children * * * provided however that in case either of my said children shall die without issue then * * * said real estate * * * shall descend to and become the property of my other children * * * their heirs and assigns forever.' "

We held the will clearly expressed the intent of the testator that the remainder to the children of a life tenant should not vest until the life tenant's death. Emphasis was placed upon the provision that the property should descend to and *become the property of* the children of a life tenant at his death and upon the substitutionary devise to testator's other children in case any child should die without issue. These facts, especially the substitutionary devise to the other children, plainly distinguish Scofield v. Hadden from the case at bar.

Appellees call attention to this statement in 69 C. J., Wills, section 1705: "The fact that some of the legatees in remainder cannot be ascertained until after the termination of the preceding estate is regarded as a strong tendency to show that the interests of all the remaindermen are contingent." Of course the heirs of testator's last surviving daughter cannot be definitely ascertained until her death. It is argued from this that the other seven remainder interests are contingent until such event.

Crapo v. Price, 190 Mass. 317, 76 N.E. 1043, is the only

authority cited in support of the above quoted text. There trustees were directed to pay the income for life to one not related to testatrix by blood or marriage and after the life tenant's death to divide and pay over the fund to such tenant's children and the issue of any deceased child. In holding the interests of the life tenant's children contingent weight was given the fact they were not relatives of testatrix, also to the so-called "divide and pay over" rule which has been severely criticized and we have held "should not be given weight in determining the existence of a requirement of survival to the date of distribution." Lytle v. Guilliams, 241 Iowa 523, 529, 41 N.W.2d 668, 671, 16 A. L. R.2d 1378, 1382. It is noticeable, too, in the Crapo case there was a substitutionary provision in favor of the issue of any deceased child.

Later Massachusetts decisions point out that the court in Crapo v. Price, supra, attached great weight to the fact the gifts were to strangers and reach a contrary result where the gifts were to descendants of testator. Whitman v. Huefner, 221 Mass. 265, 268, 108 N.E. 1054, 1055; Barker v. Monks, supra, 315 Mass. 620, 53 N.E.2d 696, 700. These and other authorities hold the fact a remainder is to testator's descendants is a circumstance to indicate a vested rather than contingent remainder was intended. See Atchison v. Francis, supra, 182 Iowa 37, 52, 165 N.W. 587, L. R. A. 1918E 1087; Gray v. Whittemore, 192 Mass. 367, 78 N.E. 422, 426, 10 L. R. A., N. S., 1143, 116 Am. St. Rep. 246; 33 Am. Jur., Life Estates, Remainders, etc., section 104; annotation 114 A. L. R. 4, 23.

We have carefully considered the arguments advanced by appellees to support their claim testator did not intend these remainders to vest until termination of the trust. We are unable to gather such intent from the language of the will.

We think the only contingency attached to the remainder to Annabelle's heirs was removed when Annabelle died and her heirs were ascertained. The remainder then vested and only the right of possession and enjoyment awaits termination of the trust. Likewise, the remainder to the heirs of each of testator's deceased children vested at the death of such child.

III. The trial court held the legal heirs of testator's children take per stirpes, not per capita—one eighth to the heirs

of each child. Except for the contention made by appellants Lynch heirs, considered in Division IV hereof, we do not understand complaint is made of such holding. In any event we approve it.

We find no language in the will or circumstance to indicate an intent that each heir is to share equally in the property. The familiar expression "share and share alike" or words of like import do not appear. We think it more reasonable testator intended equality between the heirs of each child as representatives of such child. See Restatement, Property, section 310; Claude v. Schutt, 211 Iowa 117, 233 N.W. 41, 78 A. L. R. 1375, and citations; 57 Am. Jur., Wills, sections 1303, 1315, 1316; annotation 16 A. L. R. 15, 123.

A further indication the property is to be divided per stirpes is that upon the death of testator's widow her three-fourths part of the net income therefrom is to be so applied to the eight children or their heirs until termination of the trust. 57 Am. Jur., Wills, section 1300.

IV. As stated, the will provides that during continuance of the trust ¼ the net income is to go to Annabelle or her heirs and upon the widow's death her ¾ of the income is to be paid to the "eight children, share and share alike or to their heirs * * *." Thus upon the widow's death Annabelle or her heirs became entitled to ¼ plus ⅛ of ¾, or 11/32, of the net income until termination of the trust. The Lynch heirs contend that the will, properly construed, gives them the same interest in the property (11/32) as in the income. We think the trial court rightly rejected this contention.

Perhaps the principal basis for argument of the Lynch heirs on this point is that the other seven children of testator received certain specific bequests, while Annabelle received none. Therefore the Lynch heirs urge they should have a larger share of the Flynn Block than goes to the heirs of each of the other children. However, so far as shown, Annabelle and her heirs will have received from the estate, prior to termination of the trust, fully as much in value as any other child and the heirs thereof. This is because Annabelle and her heirs receive a larger share of the net income.

If testator intended Annabelle's heirs to receive the same portion of the property that Annabelle or her heirs receive from the net income after the widow's death, he could easily have expressed such intent. No such language is found in the will.

Insofar as the trial court held the heirs of each child of testator take per stirpes and that the Lynch heirs are not entitled to a greater share of the property than the heirs of each of the other children, the decree is affirmed. Insofar as it was held the remainder interests to the heirs of each child, including Annabelle, are contingent until termination of the trust the decree is reversed. Appellants are entitled to a decree in harmony with this opinion and determining the heirs of testator's six deceased children and the share of the Flynn Block owned by each heir. The heirs of each of the two daughters who still survive cannot be determined until death of these daughters respectively, and the remainders to their heirs are contingent until such death occurs.—Affirmed in part; reversed in part and remanded.

All JUSTICES concur.